Erika HENNINGS, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

No. 84 C 0240.

United States District Court, N.D. Illinois, E.D.

Jan. 31, 1985.

David R. Bryant, Chicago, Ill., for plaintiff.

Dan K. Webb, U.S. Atty., Gail C. Ginsberg, Asst. U.S. Atty., Chicago, Ill. (Randolph W. Gaines, Mary Beth McNamara, Dept. of Health and Human Services, Baltimore, Md., of counsel), for defendant.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

Erika Hennings ("Plaintiff") brought this action against Margaret M. Heckler, as Secretary of Health and Human Services ("Defendant" or the "Secretary"), seeking reversal of the Secretary's decision that Plaintiff is not entitled to receive Social Security Disability Insurance benefits ("S.S.D.I."). Plaintiff invokes 42 U.S.C. § 405(g) ("§ 405(g)") as the basis for subject matter jurisdiction over this case. Presently before the court is Defendant's motion, under Fed.R.Civ.P. Rules 12(b)(1) and 12(b)(6), to dismiss the complaint for lack of jurisdiction over the subject matter, or, in the alternative, for failure to state a claim upon which relief can be granted. For the reasons set forth below, Defendant's motion is denied.

### Background

Plaintiff is a forty-five year old German citizen who has not lived in the United States since June 1972. However, because she worked in the United States from 1960 until she returned to Germany (apparently only intending to stay for a short period) in 1972, Plaintiff was "insured," for purposes of the S.S.D.I. program, until March 31, 1977. As a result, Plaintiff is eligible for S.S.D.I. if she became "disabled," within the meaning of 42 U.S.C. § 423(d), on or before March 31, 1977, but not if she became disabled after that date.

On August 18, 1978, Plaintiff filed an application for S.S.D.I., contending that she had been disabled, as a result of several physical impairments, at least since November 16, 1974. The Social Security Administration (the "S.S.A.") initially denied

Plaintiff's claim, and the S.S.A. denied her claim again on reconsideration. Plaintiff then requested a "hearing" before an administrative law judge ("A.L.J."), but she waived her "right to appear and give evidence," asking for "a decision on the evidence on file." (Plaintiff's Exhibit A at 8.) On September 28, 1979, the A.L.J., basing his decision on "the evidence of record," ruled that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, as amended, at any time on or before March 31, 1977." (Plaintiff's Exhibit A at 9, 15.) Plaintiff did not seek review of the A.L.J.'s decision by the Appeals Council within the time allowed.

On September 16, 1981, Plaintiff filed a second application for S.S.D.I., claiming that she had been disabled since November 16, 1974. The S.S.A. properly treated that application as a request to reopen the A.L.J.'s September 28, 1979 decision, *see* 20 C.F.R. §§ 404.987–404.995 (1983), on the ground that Plaintiff had submitted "[n]ew and material evidence," 20 C.F.R. § 404.-989(a)(1) (1983), and the S.S.A. denied the request initially and on reconsideration. On September 29, 1983, a different A.L.J. dismissed Plaintiff's request for a hearing, stating, in part, as follows:

> On September 28, 1979, an Administrative Law Judge issued a decision denying ... [Plaintiff's] claims. The claimant did not request review of the decision and it thereupon became final and binding on all issues covered therein. The claimant last had insured status for disability purposes under Title II of the Social Security Act March 31, 1977. Inasmuch as the claimant did not have disability insured status after the decision of September 28, 1979, that decision accordingly is the final and binding action of the Secretary....
>
> Under ... [20 C.F.R. § 404.988 (1983) ] a decision may be reopened for good cause "—(w)ithin four years of the date of notice of the initial determination....". Notice of the initial determination in this case was dated September 19, 1978. The four year period during which the September 28, 1979 decision might be re-

opened for good cause thus expired September 19, 1982.

> The decision of September 28, 1979 is no longer subject to reopening for good cause and remains final and binding. It was dispositive of all issues relating to the claims and is *res judicata* as to the subsequent application dated [S]eptember 16, 1981.

(Plaintiff's Exhibit B at 24.) The Appeals Council denied Plaintiff's request for review of the A.L.J.'s decision on November 10, 1983, and the A.L.J.'s decision thus constitutes the Secretary's decision with respect to Plaintiff's second application for S.S.D.I. *See* 20 C.F.R. § 404.959 (1983). Plaintiff filed her complaint in this court on January 12, 1984.

### Discussion

Section 405(g) provides, in part, as follows:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

Defendant's primary contention is that that jurisdictional grant does not cover the present case, and that, because § 405(g) is the only possible source of jurisdiction over this case, we must dismiss the complaint for lack of jurisdiction. We consider the two prongs of Defendant's argument separately.

Subject to a single exception, § 405(g) does not, as Plaintiff concedes, confer jurisdiction to review a denial by the Secretary of a request to reopen an earlier final decision. *Califano v. Sanders*, 430 U.S. 99, 107–109, 97 S.Ct. 980, 985–986, 51 L.Ed.2d 192 (1977). *See Watters v. Harris*, 656 F.2d 234, 238 (7th Cir.1980). The same is true of a decision by the Secretary that a claim for benefits is barred under the doctrine of administrative *res judicata*. *See*,

*e.g., Carter v. Heckler*, 712 F.2d 137, 142 (5th Cir.1983). The exception is that § 405(g) authorizes judicial review in such cases if the Secretary's decision "is challenged on constitutional grounds." *Califano v. Sanders*, 430 U.S. at 108–109, 97 S.Ct. at 985–986.

■ Plaintiff attempts to fit this case within that exception by arguing that the Secretary's actions deprived her of property without due process of law, in violation of the Fifth Amendment. This argument is without merit. First, to the extent that Plaintiff claims that she was afforded insufficient process in connection with the A.L.J.'s 1979 decision, we note that, in order to fall within the exception discussed in *Sanders*, the Secretary's refusal to reopen the decision, not simply the original decision, must raise a constitutional question. *See Steebe v. United States Railroad Retirement Board*, 708 F.2d 250, 256 (7th Cir.), *cert. denied*, — U.S. —, 104 S.Ct. 496, 78 L.Ed.2d 689 (1983). Accordingly, even were we to find that Plaintiff did not receive proper notice or a meaningful opportunity to be heard in 1979, that would not provide a basis for finding that we have jurisdiction over the case under § 405(g).

■ At any rate, we could not find that Plaintiff's attack on the A.L.J.'s 1979 decision presents "colorable constitutional claims." *Califano v. Sanders*, 430 U.S. at 109, 97 S.Ct. at 986; *Watters v. Harris*, 656 F.2d at 240–241. Plaintiff was informed by the S.S.A. that she had a right to a hearing before an A.L.J., and she requested review of her case by an A.L.J., although she waived her right to appear. Plaintiff cannot complain that she received no notice of a "hearing" which, because of the waiver, was never held. The essence of Plaintiff's argument, though, seems to be that the waiver was invalid because Plaintiff was not offered a meaningful opportunity to be heard, in that the S.S.A. would not hold her hearing in Germany or pay for her to come to the United States for a hearing. This contention is frivolous. The relevant regulation provides that "[h]earings are held in the 50 States, the District of Columbia,

American Samoa, Guam, the Northern Mariana Islands, the Commonwealth of Puerto Rico and the Virgin Islands," 20 C.F.R. § 404.936(a) (1983), and Plaintiff has not presented any statutory or constitutional authority, and we have not found any, which supports her claim that that provision is not valid. Nor has Plaintiff adduced any authority, and we have not found any, which supports her argument that, as an alternative, the S.S.A. should have paid for her to come to the United States for a hearing. Moreover, Plaintiff's contention that she was not afforded a proper hearing in connection with the A.L.J.'s 1983 decision is, to the extent that it is based on the due process clause, equally without merit, since Plaintiff did not have a constitutional right to a hearing. *See, e.g., Califano v. Sanders*, 430 U.S. at 108, 97 S.Ct. at 985.

■ To the extent, however, that Plaintiff challenges the substance of the A.L.J.'s 1983 decision, the jurisdictional situation is somewhat different. This is so despite the fact that we find no merit in Plaintiff's constitutional attack on the A.L.J.'s application of the doctrine of administrative *res judicata* to bar Plaintiff's claim. That argument, also based on the due process clause of the Fifth Amendment, depends on our accepting Plaintiff's contention that she was denied the opportunity for a "full and fair hearing" in 1979, which, for the reasons discussed above, we decline to do. The reason that the absence of a colorable constitutional claim does not entirely deprive us of jurisdiction under § 405(g) is that we always retain our jurisdiction to determine whether we have jurisdiction. *See, e.g., Texas & Pacific Railway Co. v. Gulf, Colorado & Santa Fe Railway Co.*, 270 U.S. 266, 274, 46 S.Ct. 263, 265, 70 L.Ed. 578 (1926) (Brandeis, J.). We agree with those courts which have found that this means that we have the power to decide whether the original claim for benefits and the subsequent claim are the "same" claims for purposes of applying the doctrine of administrative *res judicata*, and the power to determine whether the Secretary, in the course of considering the sub-

sequent claim, has, regardless of any statements to the contrary, actually or constructively reopened the original claim. *See McGowen v. Harris,* 666 F.2d 60, 65–66 (4th Cir.1981); *Tolbert v. Secretary of Health and Human Services,* 537 F.Supp. 631, 632–633 (N.D.Ill.1982). If we find that the original claim and the subsequent claim are not the "same" claims for purposes of applying the doctrine of administrative *res judicata,* or if we find that the Secretary has actually or constructively reopened the original claim, then we have "full" jurisdiction under § 405(g) to review the Secretary's decision denying the subsequent claim. *See McGowen v. Harris,* 666 F.2d at 65–66. In the present case, however, we believe that Plaintiff's two claims clearly were the "same" for *res judicata* purposes, and that the Secretary clearly did not reopen Plaintiff's original claim. Accordingly, we agree with Defendant that § 405(g) does not confer jurisdiction over this case.

■ That conclusion does not, however, end our inquiry, since we must also consider whether any statutory provision other than § 405(g) confers jurisdiction over this case. Although Plaintiff only alleges jurisdiction under § 405(g) in her complaint, "[a] court's discretion to dismiss for lack of subject matter jurisdiction when the plaintiff could have pleaded the existence of jurisdiction and when in fact such jurisdiction exists, should be exercised sparingly." *Hoefferle Truck Sales, Inc. v. Divco-Wayne Corporation,* 523 F.2d 543, 549 (7th Cir.1975). *See Andrus v. Charlestone Stone Products Co.,* 436 U.S. 604, 608 n. 6, 98 S.Ct. 2002, 2005 n. 6, 56 L.Ed.2d 570 (1978); *Kuehner v. Schweiker,* 717 F.2d 813, 825 n. 12 (3d Cir.1983) (Becker, J., concurring), *vacated and remanded on other grounds,* — U.S. —, 105 S.Ct. 376, 83 L.Ed.2d 312 (1984); *Harary v. Blumenthal,* 555 F.2d 1113, 1115 n. 1 (2d Cir.

1977). We will not dismiss the complaint if we find that any proper jurisdictional basis for it exists.

■ We begin by noting that such a jurisdictional basis cannot be found in 28 U.S.C. § 1331 or 28 U.S.C. § 1346, *see* 42 U.S.C. § 405(h) ("§ 405(h)"); [1] *Weinberger v. Salfi,* 422 U.S. 749, 756–759, 95 S.Ct. 2457, 2462–2464, 45 L.Ed.2d 522 (1975), or in the Administrative Procedure Act. *See Califano v. Sanders,* 430 U.S. at 104–107, 97 S.Ct. at 983–985. That leaves only one possible source of jurisdiction over this case, the federal mandamus statute, 28 U.S.C. § 1361 ("§ 1361"), which provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Whether § 405(h) precludes a court's exercising jurisdiction under § 1361 is an issue which neither the Supreme Court, *see Heckler v. Ringer,* — U.S. —, 104 S.Ct. 2013, 2022, 80 L.Ed.2d 622 (1984), nor the Court of Appeals for the Seventh Circuit, *see Attorney Registration and Disciplinary Commission of Supreme Court of Illinois v. Schweiker,* 715 F.2d 282, 290 (7th Cir.1983); *Americana Healthcare Corporation v. Schweiker,* 688 F.2d 1072, 1087 (7th Cir.1982), *cert. denied,* 459 U.S. 1202, 103 S.Ct. 1187, 75 L.Ed.2d 434 (1983); *Watters v. Harris,* 656 F.2d at 241 n. 12, has decided. However, as Judge Posner has noted, "there is a powerful argument that the mandamus statute remains available to social security claimants notwithstanding [§ 405(h)]." *Attorney Registration and Disciplinary Commission of Supreme Court of Illinois v. Schweiker,* 715 F.2d at 290. Indeed, every court of which we are aware which has explicitly decided

---

**1.** Section 405(h) provides as follows:

The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

the issue has found that, "under circumstances where the writ [of mandamus] properly would issue," *City of New York v. Heckler*, 742 F.2d 729, 739 (2d Cir.1984), § 1361 "provides jurisdiction to review otherwise unreviewable procedural issues not related to the merits of a claim for benefits." *Dietsch v. Schweiker*, 700 F.2d 865, 868 (2d Cir.1983). *See, e.g., Lopez v. Heckler*, 725 F.2d 1489, 1507–1508 (9th Cir.), *vacated and remanded on other grounds,* — U.S. ——, 105 S.Ct. 583, 83 L.Ed.2d 694 (1984); *Mental Health Association of Minnesota v. Heckler*, 720 F.2d 965, 971 n. 17 (8th Cir.1983); *Belles v. Schweiker*, 720 F.2d 509, 511–512 (8th Cir.1983); *Kuehner v. Schweiker*, 717 F.2d at 819; *Ellis v. Blum*, 643 F.2d 68, 78–82 (2d Cir.1981) (Friendly, J.); *Bellantoni v. Schweiker*, 566 F.Supp. 313, 316 n. 4 (E.D.N.Y.1983); *Dixon v. Quern*, 537 F.Supp. 990, 991–992 (N.D.Ill.1982). We find the reasoning of those decisions to be persuasive, and we thus follow the overwhelming weight of authority and conclude that, under appropriate circumstances, mandamus jurisdiction under § 1361 is available in social security cases.

Moreover, several courts have held that exercising such jurisdiction was proper under circumstances which were very similar to those presented by this case. In *Dietsch v. Schweiker*, 700 F.2d at 868, the Court of Appeals for the Second Circuit held that § 1361 provided jurisdiction to decide "whether mailing a request for review of an administrative law judge's decision constitutes filing within the meaning of the regulations promulgated under the Social Security Act." *Id.* at 866. In *Silvis v. Heckler*, 578 F.Supp. 1401, 1402–1403 (W.D.Pa.1984), the court ruled that it had jurisdiction under § 1361 to determine "whether the Secretary's regulations permit the Secretary, as well as the claimant, to reopen a determination or decision of an

administrative law judge ... after the sixty-day period for internal appeal has elapsed." *Id.* at 1402. Finally, in *Sinatra v. Heckler*, 566 F.Supp. 1354, 1357–1358 (E.D.N.Y.1983), the court held that § 1361 conferred jurisdiction to determine the nature of a presumption, concerning the date of receipt of a certain type of notice sent by the S.S.A., which is created by the Secretary's regulations. *Id.* at 1358–1359.[2]

This case presents a similar issue of "regulatory interpretation." In order to bring that issue into focus, we set out the relevant provisions of the regulations. We begin with 20 C.F.R. § 404.955 (1983), which states, in part, as follows:

The decision of the administrative law judge is binding on all parties to the hearing unless—

(c) The decision is revised by an administrative law judge or the Appeals Council under the procedures explained in § 404.987; ...

In turn, 20 C.F.R. § 404.987 (1983) provides as follows:

(a) *General.* Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review. However, a determination or a decision made in your case may be reopened and revised. After we reopen your case, we may revise the earlier determination or decision.

(b) *Procedure for reopening and revision.* You may ask that a determination or a decision to which you were a party be revised. The conditions under which we will reopen a previous determination or decision are explained in § 404.988.

The cited regulation, 20 C.F.R. § 404.988 (1983) ("§ 404.988"), provides, in part, as follows:

---

2. We do not believe that the Second Circuit's decision in *Mercer v. Birchman*, 700 F.2d 828 (2d Cir.1983) (Friendly, J.), in which the court held that it did not have jurisdiction under § 1361, is inconsistent with these decisions, since in *Mercer*, among other things, all of the alleged procedural "defects had been corrected by exhaustion of internal remedies." *Id.* at 835. *See Mental Health Association of Minnesota v. Heckler*, 720 F.2d at 971 n. 17. Our conclusion is reinforced by the fact that the author of the court's opinion in *Deitsch*, Judge Pratt, joined the court's opinion in *Mercer*, which was decided less than a week before *Dietsch.*

A determination, revised determination, decision, or revised decision may be reopened—

(a) Within 12 months of the date of the notice of the initial determination, for any reason;

(b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.-989, to reopen the case; ....

Finally, 20 C.F.R. § 404.989 (1983) states, in part, as follows:

(a) We will find that there is good cause to reopen a determination or decision if—

(1) New and material evidence is furnished; ...

The Secretary is, of course, bound by those regulations. *See, e.g., United States v. Nixon,* 418 U.S. 683, 694–696, 94 S.Ct. 3090, 3100–3102, 41 L.Ed.2d 1039 (1974); *Sinatra v. Heckler,* 566 F.Supp. at 1358.

In the present case, as noted above, the A.L.J. (and thus the Secretary), in dismissing Plaintiff's request for a hearing in 1983, ruled that "[t]he decision of September 28, 1979 [denying Plaintiff's claim for benefits] is no longer subject to reopening for good cause and remains final and binding. It was dispositive of all issues relating to the claims and is *res judicata* as to the subsequent application dated September 16, 1981." (Plaintiff's Exhibit B at 24.) We may properly exercise mandamus jurisdiction under § 1361 with respect to the Secretary's 1983 decision if and only if we find:

"(1) a clear right in the plaintiff to the relief sought;

(2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; [and]

(3) no other adequate remedy available."

*Americana Healthcare Corporation v. Schweiker,* 688 F.2d at 1084 (citations omitted). What has been said above makes clear that Plaintiff has "no other adequate remedy." Thus, our decision turns on the question of whether the Secretary has "a plainly defined and peremptory duty" to consider whether Plaintiff has shown "good cause" to reopen the 1979 decision, and of whether Plaintiff correlatively has "a clear right" to have the Secretary consider whether she has shown "good cause."

■ We have little difficulty in finding that the A.L.J. clearly misinterpreted § 404.988(b) in his 1983 decision. Although the A.L.J. correctly found that the relevant four year period ended on September 19, 1982, he nevertheless concluded that Plaintiff's request to reopen the 1979 decision on the basis of "good cause" was time barred, on the ground that he was considering the case after September 19, 1982. That conclusion was erroneous. What § 404.988(b) requires is that the request to reopen the decision be *filed* "[w]ithin four years of the date of the notice of the initial determination," not that the Secretary reopen the decision (assuming that she decides to do so) within four years of that date. *See Wilson v. Califano,* 580 F.2d 208, 211 (6th Cir.1978). Since Plaintiff filed her second application for S.S.D.I., which the S.S.A. treated as a request to reopen the 1979 decision, on September 16, 1981, well within the four year period, Plaintiff's request was timely under § 404.988(b).

■ The fact that the Secretary incorrectly interpreted § 404.988(b), and thus found that Plaintiff's request to reopen was time barred, is not, however, sufficient to establish that we can properly exercise mandamus jurisdiction under § 1361 in this case. We must still determine whether, given that Plaintiff's request to reopen was not time barred, the Secretary has "a plainly defined and peremptory duty" to consider the merits of that request. We believe that the Secretary has such a duty. *Cf.* 20 C.F.R. § 404.987(b) (1983) (referring to "conditions under which we *will* reopen a previous determination or decision" (emphasis added)). In other words, within the four year period specified in § 404.988(b), a decision of the Secretary is not "final" for purposes of applying the doctrine of administrative *res judicata,* 20 C.F.R. § 404.-

957(c)(1) (1983),[3] unless the Secretary finds that "good cause" to reopen the decision does not exist. *See* 20 C.F.R. § 404.955(c) (1983). That is, a decision that a claim is *res judicata* must be preceded by a determination that no basis exists for reopening the earlier decision.

We believe that this view is implicit in Judge Shadur's apt description of the Secretary's determination not to reopen a decision and her determination to apply the doctrine of administrative *res judicata* to that decision as "companion decision[s]." *Tolbert v. Secretary of Health and Human Services*, 537 F.Supp. at 632. Indeed, in the present case, the A.L.J.'s order dismissing Plaintiff's request for a hearing makes clear that the A.L.J. believed that those decisions are so related; he first decided (incorrectly, we have found) that the Secretary's 1979 decision could not be reopened for "good cause," and only then did he apply the doctrine of administrative *res judicata* to the 1979 decision. To find that the Secretary can, before the relevant four year period has elapsed, refuse to consider whether a claimant has shown "good cause" to reopen an earlier decision would be to permit the Secretary to make completely arbitrary decisions. Allowing the Secretary discretion in deciding whether "good cause" has been established is one thing; allowing her discretion in deciding whether to consider whether "good cause" has been established would be something quite different. Having provided by regulation that her decisions may be reopened for "good cause" within the specified four year period, the Secretary must, when a claimant within that period requests that a decision be reopened for "good cause," determine whether the claimant has shown "good cause" to reopen the decision, and only if the Secretary determines that the

claimant has failed to show "good cause" may she apply the doctrine of administrative *res judicata* to the decision. Requiring less would violate the most fundamental tenets of our legal system.

Accordingly, we find that the Secretary has "a plainly defined and peremptory duty" to consider whether Plaintiff has shown "good cause" to reopen the Secretary's 1979 decision, and that Plaintiff has "a clear right" to have the Secretary consider whether she has shown "good cause." Thus, we conclude that we have mandamus jurisdiction over this case under § 1361. What has been said also establishes that the complaint states a claim upon which relief can be granted, and, indeed, that Plaintiff is entitled to relief.

## Conclusion

For the reasons stated above, Defendant's motion to dismiss the complaint is denied. The Secretary's order dismissing Plaintiff's request for a hearing is hereby vacated, and the case is remanded to the Secretary with instructions to give Plaintiff a hearing before an A.L.J. on the issue of whether Plaintiff has shown "good cause" to reopen the Secretary's 1979 decision denying her claim for S.S.D.I.

---

**3.** That regulation, 20 C.F.R. § 404.957 (1983), provides, in part, as follows:

> An administrative law judge may dismiss a request for a hearing under any of the following conditions: ...
> (c) The administrative law judge decides that there is cause to dismiss a hearing request entirely or to refuse to consider any one or more of the issues because—

> (1) The doctrine of *res judicata* applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action; ...