**Charles BURNS, Plaintiff,**

**v.**

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 84 C 3984.**

United States District Court,
N.D. Illinois, E.D.

Aug. 8, 1985.

Robert P. Burns, Northwestern University Legal Clinic, Chicago, Ill., for plaintiff.

Linda Wawzenski, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

Charles Burns ("Plaintiff") brought this action against Margaret M. Heckler, as Secretary of Health and Human Services ("Defendant" or the "Secretary"), essentially seeking reversal of the Secretary's decision dismissing Plaintiff's request for a hearing on his claim for Supplemental Security Income benefits ("S.S.I.") as untimely. Plaintiff invokes 42 U.S.C. § 405(g) ("§ 405(g)"), *see* 42 U.S.C. § 1383(c)(3), and 28 U.S.C. § 1361 ("§ 1361") as alternative bases for subject matter jurisdiction over this case. Presently before the court are Defendant's motion, under Fed.R.Civ.P. Rule 12(b)(1), to dismiss Plaintiff's second amended complaint for lack of jurisdiction over the subject matter, and Plaintiff's motion for summary judgment. For the reasons set forth below, Defendant's motion is denied, and Plaintiff's motion is granted.

### Factual Background

The following facts are not in dispute. Plaintiff filed an application for S.S.I. on October 13, 1982. The Social Security Administration (the "S.S.A.") initially denied Plaintiff's claim on December 28, 1982, and Plaintiff filed a timely request for reconsideration on February 17, 1983. On March 11, 1983, on reconsideration, the S.S.A. again denied Plaintiff's claim. Notice of the latter decision, dated March 11, 1983, was mailed to Plaintiff at 4808 West Quincy, in Chicago, on or about that date. The notice properly stated that Plaintiff had a right to a hearing before an administrative law judge ("A.L.J.") on his claim, if he requested such a hearing within sixty days after receiving the notice. *See* 42 U.S.C. § 1383(c)(1); 20 C.F.R. § 416.1433(b) (1985).

Plaintiff avers that, sometime in the autumn of 1982 after he applied for S.S.I., he moved from 4808 West Quincy to 4938 West Washington, also in Chicago. (Affidavit of Charles Burns, Exhibit A to Plaintiff's Second Amended Complaint, ¶¶ 2–3.) (We note, however, that Plaintiff stated to the S.S.A. that he moved in February 1983.) Plaintiff further alleges that, two days after he moved, he called the local office of the S.S.A. and informed the woman who answered the telephone of his new address, and that she told him that his new address would be noted in his file. (*Id.*, ¶ 3.) Also after he moved to 4938 West Washington, Plaintiff asserts, he asked Joe Lee Johnson ("Johnson"), who still lived at 4808 West Quincy, to pick up Plaintiff's mail, which, like all mail sent to 4808 West Quincy, was delivered to an office in the building. (*Id.*, ¶ 4.) Plaintiff avers that he called Johnson regularly to ascertain whether he had received any mail at 4808 West Quincy, and that in that manner Plaintiff learned of the S.S.A.'s initial denial of his claim for S.S.I. (*Id.*) When he filed his request for reconsideration on February 17, 1983, Plaintiff alleges, he told the S.S.A. employee who took the request form that his current address was 4938 West Washington (*id.*, ¶ 5), although, as Plaintiff concedes, the employee listed 4808 West Quincy as Plaintiff's mailing address on the request form.

Plaintiff avers that he believes that, at the time that the March 11 notice from the S.S.A. was delivered to 4808 West Quincy and for some time thereafter, Johnson did not have access to the office to which mail was delivered, because the landlord was

hospitalized. (*Id.*, ¶¶ 6–7.) In early July 1983, Plaintiff asserts, he went to the local office of the S.S.A. to inquire about his request for reconsideration, at which time he was informed that a decision had been issued and mailed to 4808 West Quincy. (*Id.*, ¶ 8.) Plaintiff avers that he then contacted the landlord at 4808 West Quincy, who, after at first telling Plaintiff that the March 11 notice had not been delivered to his office, informed Plaintiff on July 6, 1983 that he had discovered the letter in a pile of mail. (*Id.*, ¶ 9.) (We note, however, that Plaintiff stated to the S.S.A. that he obtained the letter on July 5, 1983, rather than July 6.) On July 6, 1983, the same day Plaintiff contends he obtained the March 11 notice (or at most one day thereafter), but approximately 117 days after the March 11 notice was mailed to 4808 West Quincy, Plaintiff filed a request for a hearing before an A.L.J., together with a statement explaining the delay.

On November 25, 1983, an A.L.J. dismissed Plaintiff's request for a hearing on the ground that Plaintiff had not filed the request within sixty days after he "received" the March 11 notice and had not shown "good cause" for an extension of the sixty day period. (Exhibit 4 to Affidavit of Wilbur J. Laub, p. 2.) *See* 20 C.F.R. §§ 416.1433(c), 416.1411 (1985). The A.L.J.'s decision was entirely based on his conclusion that Plaintiff had failed to inform the S.S.A. of his change of address. That conclusion was, in turn, largely based on the fact that the 4808 West Quincy address appears on Plaintiff's February 17 request for reconsideration.

On February 10, 1984, the Appeals Council denied Plaintiff's request for review of the A.L.J.'s decision, giving no specific reasons for its decision. By letter dated February 20, 1984, Plaintiff, through counsel, submitted the affidavit of Plaintiff to which we have referred above, and, in effect, asked the Appeals Council to reconsider its decision. On March 22, 1984, the Appeals Council, stating only that it had reviewed Plaintiff's affidavit, decided that the affidavit did not provide a sufficient basis on which to reverse the A.L.J.'s deci-

sion and thus refused to vacate its February 10 decision. Accordingly, the S.S.A.'s March 11, 1983 decision denying Plaintiff's claim became the Secretary's final decision with respect to Plaintiff's application for S.S.I. Plaintiff filed his complaint in this court on May 8, 1984.

## *Discussion*

The ultimate issue in these proceedings, that of whether Plaintiff is entitled to receive S.S.I., is, as the parties agree, an issue which this court cannot reach in this case. Rather, the underlying question in this case is that of whether Plaintiff filed his request for a hearing before an A.L.J. within sixty days after he "received" the March 11, 1983 notice from the S.S.A. *See* 42 U.S.C. § 1383(c)(1); 20 C.F.R. § 416.-1433(b) (1985). Indeed, because the answer to that question depends on the resolution of factual disputes, we cannot, as Plaintiff comes close to conceding, decide that question either. That leaves before us, at most, the issue of whether we should order the Secretary to reassess the issue of the timeliness of Plaintiff's request for a hearing. Defendant contends that even such a limited order would exceed our jurisdiction. We disagree.

Because we analyzed this area of the law in some detail in our opinion in *Hennings v. Heckler,* 601 F.Supp. 919 (N.D.Ill.1985), we will shorten our discussion in this case through the use of citations to *Hennings.* As in *Hennings,* Defendant argues here that § 405(g) does not confer jurisdiction over this case, and that, because § 405(g) is the only possible source of jurisdiction, we must dismiss Plaintiff's second amended complaint.

■ Since we are not confronted with a "final decision of the Secretary made after a hearing" (indeed, the absence of hearings is largely what Plaintiff is complaining about), § 405(g) can provide a jurisdictional basis for this case only if Plaintiff's attack on the Secretary's decision dismissing his request for a hearing presents a "colorable constitutional claim[ ]." *Watters v. Har-*

*ris,* 656 F.2d 234, 238–241 (7th Cir.1980); *Hennings,* 601 F.Supp. at 921–922. Plaintiff contends that it does, arguing that the Secretary's failure to provide him with a hearing on the timeliness issue violated his rights under the due process clause of the Fifth Amendment. Plaintiff has not, however, adduced any cases in support of his argument which are on point, and we find that he did not have a constitutional right to a hearing. *Cf. Watters v. Harris,* 656 F.2d at 240 & n. 11; *Hennings,* 601 F.Supp. at 922; *Solberg v. Secretary of Department of Health & Human Services,* 583 F.Supp. 1095 (E.D.Wis.1984).

Our conclusion that we cannot properly exercise jurisdiction over this case under § 405(g) does not, however, end our inquiry, since Plaintiff alternatively alleges jurisdiction under § 1361, the federal mandamus statute.[1] In *Hennings,* we held that, contrary to Defendant's position, "under appropriate circumstances, mandamus jurisdiction under § 1361 is available in social security cases" " 'to review otherwise unreviewable procedural issues not related to the merits of a claim for benefits.' " 601 F.Supp. at 923–924 (quoting *Dietsch v. Schweiker,* 700 F.2d 865, 868 (2d Cir. 1983) ). Defendant has not persuaded us that we should reconsider that decision. Moreover, whether the Secretary properly considered the question of the timeliness of Plaintiff's request for a hearing is clearly an "otherwise unreviewable procedural issue[ ] not related to the merits of a claim for benefits." Still, we must, of course, determine whether the circumstances in the present case are otherwise appropriate. In the present case, that determination turns on the question of whether the Secretary has " 'a plainly defined and peremptory duty' " to consider Plaintiff's request for a hearing in a manner other than that in which it was considered, and of whether Plaintiff correlatively has " 'a clear right' " to such different treatment. *Hennings,* 601 F.Supp. at 925 (quoting *Americana Healthcare Corporation v. Schweiker,* 688 F.2d 1072, 1084 (7th Cir.1982), *cert. denied,*

459 U.S. 1202, 103 S.Ct. 1187, 75 L.Ed.2d 434 (1983) ). We conclude that the Secretary has such a duty, and that Plaintiff has such a right.

We note that Plaintiff does not contend that the March 11 notice was not delivered to 4808 West Quincy before May 7, 1983, that is, more than sixty days before he filed his request for a hearing on July 6, 1983. Nor does Plaintiff claim that the Secretary erred in finding that he had an affirmative duty to inform the S.S.A. of his change of address. Rather, what Plaintiff challenges is the manner in which the Secretary rejected his contentions that he adequately informed the S.S.A. of his change of address and that he should therefore not be deemed to have received the March 11 notice before July 6, 1983 (or July 5, 1983).

█ In determining that Plaintiff did not file his request for a hearing before an A.L.J. within sixty days after he "received" the March 11 notice from the S.S.A., the Secretary applied, though not explicitly, the presumption contained in 20 C.F.R. § 416.-1401 (1985) ("§ 416.1401"), which provides, in part, that " 'Date you receive notice' means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period." We are persuaded by Chief Judge Weinstein's cogent analysis in *Sinatra v. Heckler,* 566 F.Supp. 1354, 1358–1359 (E.D.N.Y.1983), that that presumption "is of the going-forward variety, with the ultimate burden of persuasion with respect to lack of timely filing on the agency." *Id.* at 1358. Thus, "[i]n order to rebut the presumption …, the claimant must adduce evidence that would be sufficient to overcome a directed verdict for the Secretary in a jury trial." *Id.* at 1359–1360.

█ In the present case, we find that the affidavit which Plaintiff submitted to the Appeals Council clearly satisfied that burden of production. The Appeals Council's March 22, 1984 decision is, however, obviously inconsistent with this finding.

---

**1.** We note that a jurisdictional basis cannot be found in 28 U.S.C. § 1331 or 28 U.S.C. § 1346,

or in the Administrative Procedure Act. *Hennings,* 601 F.Supp. at 923.

Indeed, we read that decision (as well as the A.L.J.'s November 25, 1983 decision) as erroneously assuming that § 416.1401 placed the ultimate burden of persuasion on the timeliness issue on Plaintiff. Because the Secretary has "a plainly defined and peremptory duty" to grant Plaintiff a hearing before an A.L.J. on the merits of his claim for S.S.I. unless she can carry her burden of persuading an A.L.J. that Plaintiff "received" the March 11, 1983 notice before May 7, 1983, and because Plaintiff has "a clear right" to such a hearing subject to the same condition, *see Sinatra v. Heckler*, 566 F.Supp. at 1360, we conclude, as did the court in *Sinatra*, that we have mandamus jurisdiction over this case under § 1361. What has been said also establishes that Plaintiff is entitled to relief.[2] *See also McKentry v. Secretary of Health and Human Services*, 655 F.2d 721, 724 (6th Cir.1981).

### Conclusion

For the reasons stated above, Defendant's motion to dismiss Plaintiff's second amended complaint is denied, and Plaintiff's motion for summary judgment is granted to the extent that we vacate the Secretary's order dismissing Plaintiff's request for a hearing and remand this case to the Secretary with instructions to conduct a hearing before an A.L.J., in a manner consistent with this opinion, within thirty days after receiving notice of this decision, on the issue of the timeliness of Plaintiff's request for a hearing on the merits of his claim for S.S.I.

---

**2.** Given the nature of the relief to which we have found that Plaintiff is entitled, no material factual dispute exists which would preclude our granting summary judgment in favor of Plaintiff. *See* Fed.R.Civ.P. Rule 56(c).