14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Anton NOVAK, Plaintiff/Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
[2] Defendant/Appellee.
 No. 93-1645.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1993.[1]
Decided Dec. 13, 1993.
 
 Before BAUER and MANION, Circuit Judges, ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 In April of 1990, Anton Novak applied for social security disability insurance benefits. The Secretary of Health and Human Services ("the Secretary") medically denied the application and notified Novak of his right to reconsideration. Novak did not seek further review. In March of 1991, Novak filed a second application for disability benefits, citing a disability onset date prior to the disability onset alleged in his first application. In April of 1991, the Secretary denied Novak's second application based on res judicata.
 
 
 2
 This time Novak requested a hearing before an Administrative Law Judge (ALJ). The ALJ treated Novak's second application as a request to reopen his first application. The ALJ stated that by failing to request reconsideration of his first application, Novak had lost the right to further review. However, under 20 C.F.R. Secs. 404.987-.989 a final decision may be reopened. Not finding good cause, the ALJ declined to reopen Novak's first application, Sec. 404.988, and dismissed the request for rehearing based on res judicata. Novak filed a request for review of the ALJ's decision with the Appeals Council (AC). The AC declined to review the ALJ's decision, noting Novak's failure to request reconsideration of his first application. The AC did not mention explicitly the ALJ's denial of Novak's request to reopen his second application.
 
 
 3
 Novak sought judicial review of the Secretary's decision, arguing that the ALJ applied a "good cause" standard, when the regulations allow reopening "within 12 months ... for any reason." See Sec. 404.988(a). The district court granted the Secretary's motion to dismiss for lack of subject matter jurisdiction because the Secretary's refusal to reopen Novak's second application was not a "final decision" within the meaning of Sec. 205(g) of the Social Security Act. 42 U.S.C. Sec. 405(g). Novak moved for leave to amend his complaint to allege mandamus jurisdiction pursuant to 28 U.S.C. Sec. 1361. The district court denied Novak's motion to amend, and his subsequent motion to reconsider. We review for abuse of discretion the district court's denial of Novak's motions to amend and to reconsider. Moore v. State of Indiana, 999 F.2d 1125, 1128 (7th Cir.1993) (Fed.R.Civ.P. 15(a)); Amendola v. Bayer, 907 F.2d 760, 764-5 (7th Cir.1990) (Fed.R.Civ.P. 60(b), 15(a)).
 
 
 4
 A single jurisdictional issue is before this court--whether Sec. 1361 confers jurisdiction on the district court to review the denial of Novak's request that his application for benefits be reopened. Whether Novak is entitled to receive benefits or is barred by the doctrine of res judicata is not an issue before this court. Section 1361 confers mandamus jurisdiction over procedural claims brought under the Social Security Act, which otherwise would not constitute "final decisions" reviewable by the district court. Burnett v. Bowen, 830 F.2d 731, 739 (7th Cir.1987). Mandamus jurisdiction exists when three conditions are present: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and, (3) no other adequate remedy available. Banks v. Sec. of the Indiana Family and Social Services Admin., 997 F.2d 231, 244-45 (7th Cir.1993); Burnett, 830 F.2d at 738-39 (7th Cir.1987); Cf. In re Sandahl, 980 F.2d 1118, 1119 (7th Cir.1992) (also requiring a showing of irreparable harm).
 
 
 5
 If we deny Novak's motion to amend, Novak's appeals will be complete. Thus, Novak satisfies the first requirement that no other adequate remedy be available. Our decision turns on whether Novak has a "clear right" to have his second application considered under the correct standard; and whether the Secretary has a "plainly defined and peremptory duty" to do so.
 
 
 6
 As the party seeking mandamus, Novak must prove that a right to relief is clear and indisputable. Banks, 997 F.2d at 244; United States v. Dorfman, 690 F.2d 1217, 1224 (7th Cir.), aff'd sub nom., United States v. Williams, 737 F.2d 594 (7th Cir.1982), cert. denied, 470 U.S. 1003 (1985). In denying Novak's request to reopen his first application, the ALJ relied on Sec. 404.988(b), which requires a showing of "good cause" to reopen within four years. However, Novak filed his request within 12 months of the denial of his first application. Because of this the ALJ should have considered Novak's request under the "for any reason" standard contained in Sec. 404.988(a). To the extent that the ALJ did not consider whether the new evidence provided "any reason" to reopen Novak's application, Novak satisfies the requirement of a clear right to relief.[1] Burnett, 830 F.2d at 738.
 
 
 7
 This court cannot compel a federal official to perform any function unless the official is required by law to do so. Id., citing Save the Dunes Council v. Alexander, 584 F.2d 158, 162 (7th Cir.1978). The Secretary has a duty to consider the merits of a request to reopen under the correct standard. See Burnett, 830 F.2d at 740 (holding that under Sec. 404.987, the Secretary has a duty to apply the good cause standard and consider any "new evidence" provided); Hennings v. Heckler, 601 F.Supp. 919, 925 (N.D.Ill.1985) (remanding for application of the correct standard where the ALJ incorrectly interpreted Sec. 404.988(b) as requiring the decision to reopen, rather than the request, to be made within four years).
 
 
 8
 Under Sec. 404.987(b), the Secretary has a duty to consider a request for reopening under the standards outlined in Sec. 404.988. Section 404.987 provides:
 
 
 9
 (b) Procedure for reopening and revision. You may ask that a determination or a decision to which you were party be revised. The conditions under which we will reopen a previous determination or decision are explained in Sec. 404.988.
 
 
 10
 (emphasis added). Section 404.988(a) stipulates that, at the Secretary's discretion, an application may be reopened within 12 months "for any reason." The preamble to Sec. 404.988 provides:
 
 
 11
 A determination, revised determination, decision, or revised decision may be reopened--
 
 
 12
 (a) Within 12 months ... for any reason;
 
 
 13
 * * *
 
 
 14
 (b) Within four years ... if we find good cause ...
 
 
 15
 (emphasis added).
 
 
 16
 In combination, Sec. 404.987(b) and Sec. 404.988 require the Secretary to determine whether the claimant has put forth "any reason" sufficient to permit the Secretary to exercise her discretionary power to reopen. The Secretary may not dismiss a request brought within 12 months for failure to show good cause when the proper standard is "any reason."
 
 
 17
 The district court improperly denied Novak leave to amend his complaint. See Buethe v. Britt Airlines, Inc., 749 F.2d 1235, 1239 (7th Cir.1984) (holding that leave to amend should be freely granted where the plaintiff seeks to properly allege subject matter jurisdiction); accord, Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp., 523 F.2d 543, 549 (7th Cir.1975) (finding jurisdiction on a ground not raised before the district court). Accordingly, the Secretary's order dismissing Novak's request for a hearing is VACATED and the case is REMANDED to the Secretary with instructions that Novak's request for reopening be heard and considered by an ALJ under the proper standard of Sec. 404.988(a).
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [2]
 Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1)
 
 
 [1]
 Whether Novak in fact submitted new evidence is unclear. The ALJ states that Novak "did not submit any new evidence," Order of Dismissal at 1, but later states, "review of ... the new evidence submitted with the current application". Id. at 2