Armando GARZA, Plaintiff,

v.

Shirley S. CHATER, Commissioner of Social Security, Defendant.

No. 95 C 0493.

United States District Court, N.D. Illinois, Eastern Division.

June 26, 1995.

David R. Bryant, Chicago, IL, for plaintiff.

Carole Judith Ryczek, U.S. Attorney's Office, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Pursuant to 42 U.S.C. § 405(g), plaintiff Armando Garza ("Garza") brings this action against defendant Shirley S. Chater, Commissioner of the Social Security Administration ("Commissioner"),[1] seeking judicial review of the Administrative Law Judge's ("ALJ") order dismissing Garza's claim for supplemental security income.[2] Garza alleges that the ALJ violated Social Security Administration regulations and basic notions of

---

**1.** By the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103–296, 108 Stat. 1464 (1994), Congress established the Social Security Administration ("Administration") as an independent agency of the executive branch. *Id.* § 101. It is the Administration's duty, *inter alia*, to administer the disability insurance program under title II of the Social Security Act, and the supplemental security income program under title XVI. *Id.* All functions of the Secretary of Health and Human Services with respect to administering these programs are transferred to the Administration. *Id.* § 105(a)(1). Authority for the exercise of all powers and the discharge of all duties of the Administration are vested in the Commissioner. *Id.* § 102(a)(4). Pursuant to section 106(d), the Commissioner has been substituted for Secretary of Health and Human Services Donna Shalala.

**2.** On June 23, 1994, Administrative Law Judge Lovert F. Bassett issued an Order of Dismissal dismissing Garza's application following an untimely request for a hearing. (R. 10–12) The Appeals Council denied Garza's request for review of the dismissal order. (R. 3–4) Citations to the Certified Administrative Record are indicated herein as "R. __".

fairness by prohibiting her[3] from presenting facts under oath that could potentially demonstrate that "good cause" existed for her untimely filing. Commissioner moves to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). For the reasons which follow, Commissioner's motion to dismiss is granted.

## BACKGROUND

The following background facts have been drawn from the Certified Administrative Record, which sets forth the procedural history in this matter. Garza filed an application for supplemental security income on May 21, 1992, which was denied initially by notice dated September 29, 1992. (R. 20–32, 33–35) Garza filed a request for reconsideration on January 21, 1993. (R. 36–38) The On reconsideration, the Administration found that the initial determination denying the application was proper and sent notice to Garza of its decision on June 2, 1993. (R. 39–40)

One hundred and forty-seven days later on October 27, 1993, Garza filed a request for a hearing before an administrative law judge. (R. 46–48) At that belated point, Garza was required to submit a statement explaining the reason for the delay in filing the hearing request. Garza, or an administrative representative, gave the following written explanation for the untimely request: "Good Cause. Claimant called 1–800# and asked for appeal forms thru mail and while waiting for forms to arrive, appeals period expired. Protective filing attached." (R. 47)

On February 11, 1994, the ALJ sent notice to plaintiff indicating that a hearing had been scheduled for March 10, 1994, to review her claim. (R. 115) At that hearing, the issue of Garza's late filing of her request for a hearing was considered, and the ALJ found that more information was needed to determine whether good cause existed; at that point, the administrative judge continued the hearing until further information could be ob-

tained. (R. 143, 145–146, 159, 162–163) Then, on June 23, 1994, the ALJ issued a decision to dismiss the request for hearing-or, in this case, the continuance of the hearing-based on plaintiff's inability to establish "good cause" for filing the hearing request beyond the sixty-day statute of limitations, 20 C.F.R. §§ 416.1433(b). (R. 8–12)

Plaintiff filed a timely appeal with the Appeals Council in which her attorney, Mr. Bryant, submitted a letter from the director of the Neon Street homeless shelter[4] to show that she filed late for "good cause." (R. 5, 140) The letter explains that during the period June 1993 to October 1993, Garza was a part of the Neon Street Center program. The letter also indicates that at some unspecified period, Garza had to be hospitalized for depression.

The Appeals Council, after reviewing the additional evidence, denied Garza's request for review stating that the letter contained "no new or material information about [her] late filing of the request for hearing." (R. 3) On January 26, 1995, plaintiff filed this district court action.

## DISCUSSION

Commissioner maintains that this Court is without subject matter jurisdiction over this action. Specifically, Commissioner claims that Garza has failed to exhaust her administrative remedies with respect to her claim for benefits; thus, there has been no "final decision" of the Commissioner as contemplated by Section 405(g) of the Social Security Act. Def.'s Mem. at 1.

### I. *The District Court's Limited Power of Review*

Title II of the Social Security Act (the "Act") and the regulations promulgated thereunder establish procedures for administrative and judicial review of applications for disability benefits and supplemental security income under the Act. Regulations four and sixteen set forth the administrative proce-

---

**3.** Garza, whose gender identity is that of a female, has requested that she be referred to in the feminine gender.

**4.** Garza resided at the Neon Street shelter throughout these proceedings and used the shelter as her mailing address and place of contact when filling out Social Security Administration forms.

dures by which a claimant may obtain a "final decision" of the Commissioner. An individual takes the first step in the administrative process by filing a claim for benefits with the Social Security Administration. At that point, an "initial determination" is rendered granting or denying the claim. 20 C.F.R. §§ 404.902, 416.1402. Claimants who receive adverse initial determinations may request reconsideration of their claim within 60 days. 20 C.F.R. §§ 404.909, 416.1409. The Commissioner may then exercise her discretion to review the merits of the claim once again and issue a "reconsidered determination." 20 C.F.R. §§ 404.907, 416.1407. If the claimant is dissatisfied with the initial and reconsidered determinations, she may request a hearing before an administrative law judge. 20 C.F.R. §§ 404.916, 416.1416 (1995). Such a request must be made in writing to the Social Security Administration within 60 days from the date or receipt of notice of the reconsidered determination—or, show good cause for late filing. 20 C.F.R. §§ 404.911, .933, 416.1411, .1433.

Under certain circumstances, the claimant will not be granted a hearing before an administrative law judge. For example, untimely filing without good cause is grounds for dismissal. 20 C.F.R. §§ 404.957(c)(3), 416.1457(c)(3). Such dismissal is binding unless vacated by an administrative law judge or the Appeals Council. 20 C.F.R. §§ 404.959, 416.1459. If the claimant is given a hearing that results in an unfavorable decision, she may request discretionary review by the Appeals Council. 20 C.F.R. §§ 404.967, 416.1467. Finally, after exhausting her administrative remedies, the claimant may request federal judicial review. 42 U.S.C. § 405(g) (1995).

Judicial review of a claim originating under Title II of the Social Security Act is provided in, and expressly limited by, Section 205(g) and (h) of the Act, 42 U.S.C. § 405(g) and (h). The remedy established within the statute is exclusive; the law has been settled for decades that where a statute creates a right and provides a special remedy, that remedy is exclusive. *United States v. Babcock,* 250 U.S. 328, 331, 39 S.Ct. 464, 465, 63 L.Ed. 1011 (1919). Section 405(g) requires that the claimant receive a "final decision of the Secretary made after a hearing" to which the claimant was a party before a federal district court may acquire jurisdiction.[5] 42 U.S.C. § 405(g). Although a decision rendered on a claim at each stage of the administrative process is final and binding on the parties, the regulations define a "final decision of the Secretary" for the purpose of § 405(g) as a decision made by the Appeals Council which either reviews or denies review of a determination made by an ALJ after an evidentiary hearing on the merits of the claim. *Watters v. Harris,* 656 F.2d 234, 236–237 (7th Cir.1980). Furthermore, § 405(h) strictly limits review of the Commissioner's decision to those methods of review expressly provided within the statute.[6] Therefore, the Act permits federal courts to review only a narrowly defined type of decision by the Secretary, namely, one which is "final" and "made after a hearing." *Weinberger v. Salfi,* 422 U.S. 749, 764, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975); *Giacone v. Schweiker,* 656 F.2d 1238, 1242 (7th Cir. 1981).

In *Watters,* the Seventh Circuit held that continuous administrative denials of a time extension request are not considered a "final" decision "made after a hearing." 656 F.2d at 238–39. The *Watters* court held that

---

**5.** Section 405(g) provides in pertinent part:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow....
42 U.S.C. § 405(g).

**6.** Section 405(h) provides:

The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under [§ 1331 et seq.] of Title 28 to recover on any claim arising under this subchapter.
42 U.S.C. § 405(h).

"refusals to extend administrative deadlines for requesting a hearing before an ALJ are not reviewable under Section 405(g)." *Id.* The court expressly adopted the Supreme Court's analysis in *Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977), which held that Section 405(g) does not authorize review of a refusal by the Secretary to reopen a previously adjudicated claim for benefits. *Watters,* 656 F.2d at 238–39.

■ While Garza correctly observes that the instant case is not a request to reopen an old claim, she failed to appreciate that the Seventh Circuit's decision in *Watters* expressly noted that the *Califano* analysis was equally applicable to factual scenarios in which an ALJ refuses to extend a time limitation. *Id.* As stated in *Watters:*

> To interpret Section 405(g) to allow a claimant judicial review simply by filing, and being denied an opportunity to extend the time for complying with administrative filing deadlines would subvert the Congressional purpose, manifested in Section 405(g), to impose a 60–day time limit on judicial review of the final decision of the Secretary on an initial claim for benefits. Moreover, were we to recognize a rule authorizing judicial review of refusals to extend filing deadlines different from that imposed by the Supreme Court with regard to requests to reopen, claimants could

circumvent the [*Califano* ] holding merely by filing for extensions.

*Id.* at 239. "Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims." *Califano,* 430 U.S. at 108, 97 S.Ct. at 986.

■ In the instant case, Garza did not receive a "final decision after a hearing" that is subject to review by a federal district court. Although she did attend a hearing on March 10, 1994, that hearing primarily addressed the jurisdictional issue of late filing and did not reach the merits. (R. 158–60) The ALJ did not purport to make a final decision on the merits of Garza's claim; rather, the ALJ only determined that she had not established good cause for late filing. Garza's request for a hearing on the merits was denied. (R. 8–12). Hence, under Section 405(g), this Court does not have subject matter jurisdiction to review the ALJ's Order dismissing Garza's request for hearing.[7]

## II. *No Hearing Required To Determine "Good Cause"*

■ Alternatively, Garza contends that the ALJ's decision to dismiss without allowing her "an opportunity to present a position under oath and with supporting documents" violated Social Security Administration regulations and general notions of fairness.[8]

---

7. Garza incorrectly makes the conclusory allegation that, even if the Court lacks subject matter jurisdiction to review the ALJ's refusal to extend the time limit, the Court retains jurisdiction under 28 U.S.C. § 1361 (mandamus). Although mandamus jurisdiction was employed in a social security case in *Hennings v. Heckler,* 601 F.Supp. 919, 924 (N.D.Ill.1985), *Hennings* is distinguishable from the instant case. *Hennings* found that "the Secretary has a 'plainly defined and peremptory duty' to consider whether Plaintiff has shown 'good cause' to reopen the ... decision, and that Plaintiff has a 'clear right' to have the Secretary consider whether she has shown 'good cause.' " *Id.* at 925. Unlike the facts in the instant case, the Secretary in *Hennings* never considered whether the claimant had shown good cause to reopen the decision. In contrast, the ALJ in the instant case did examine the evidence to see if plaintiff had shown good cause. Therefore, we find mandamus to be unwarranted an improper in this case.

8. Garza also makes a vague assertion that the Court has jurisdiction based on "due process/fairness." Pl.'s Resp. ¶ 4. Garza briefly raises the issue that she did not receive proper notice that the issue of late filing would be raised at her hearing on March 10, 1994. *Id.* ¶ 3. The facts of this case, however, are distinguishable from those of *Giacone v. Schweiker,* 656 F.2d 1238 (7th Cir.1981), upon which Garza relies in arguing that this Court should entertain her complaint. In *Giacone,* there was no notice whatsoever on any form that the claimant had a duty to justify her late filing. *Id.* at 1244. In contrast, Garza was required to provide a separate statement, when requesting her hearing, to explain her late filing. Thus, Garza was on notice that the issue of late filing may be raised.

Moreover, Garza's counsel, was given the opportunity to postpone the hearing to prepare to address such an issue when it was raised at the March 10th hearing. R. 144–145. The attorney waived that opportunity and continued to argue plaintiff's "good cause" justification. *Id.* Then, when it was determined that "good cause" could

However, *Watters* teaches that "a request for an extension of time within which to request a hearing may be denied without a hearing." 656 F.2d at 239. Accordingly, the Social Security Administration had no duty to provide plaintiff with any hearing to decide whether good cause existed for her belated request for a hearing. Therefore, plaintiff actually received more process than required when given the opportunity to explain her reasons for submitting the late request to the ALJ.

## CONCLUSION

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this action. Accordingly, Commissioner's Motion to Dismiss for lack of subject matter jurisdiction is granted.

not be established from the available information, Garza was given a continuance to provide such further evidence of "good cause" as she found appropriate (R. 163).