Rena WATTERS, et al.,
Plaintiffs-Appellants,

v.

Patricia R. HARRIS, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 79–2519.

United States Court of Appeals, Seventh Circuit.

Argued May 1, 1980.

Decided June 3, 1980.*

---

John M. Cannon, Chicago, Ill., for plaintiffs-appellants.

James Miles, Dept. of Health, Education and Welfare, Chicago, Ill., for defendant-appellee.

Before SWYGERT, PELL and CUDAHY, Circuit Judges.

CUDAHY, Circuit Judge.

The questions for decision are (1) whether Section 405(g) of the Social Security Act authorizes judicial review of the refusal by the Secretary of Health, Education and Welfare[1] to extend the time period during which a hearing on a benefits claim may be requested and (2) whether Section 405(g) authorizes judicial review of the underlying claim for benefits.

## I.

Title II of the Social Security Act (the "Act") provides survivors' benefits for claimants who demonstrate they had a specified relationship to an insured worker prior to the worker's death. 42 U.S.C. §§ 402, 416. The administrative process begins when an individual files a claim with the Social Security Administration ("Administration"). 20 C.F.R. §§ 404.905—404.907 (1979). If the claim is administratively denied, regulations permit administrative reconsideration. 20 C.F.R. §§ 404.909—404.-915 (1979). Should a request for reconsideration prove unsuccessful, the claimant may request an evidentiary hearing before an administrative law judge ("ALJ"), 42 U.S.C. § 405(b); 20 C.F.R. §§ 404.917—404.918a (1979). A discretionary appeal from an adverse determination of the ALJ lies to the Appeals Council. 20 C.F.R. §§ 404.945—404.947 (1979).

The regulations and statute in effect during the time period relevant to this appeal required that a request for reconsideration of an initial determination be filed within six months after notice of the determination, 20 C.F.R. § 404.911 (1976);[2] that a hearing before an ALJ be requested within six months after receipt of notice of the reconsideration decision, 42 U.S.C. § 405(b) (1974); 20 C.F.R. § 404.918 (1976);[3] and that Appeals Council review be requested within 60 days after issuance of the ALJ's decision or dismissal. 20 C.F.R. § 404.946 (1976). The regulations also provided that extension of these pertinent periods of limitation might be granted upon a showing of "good cause," 20 C.F.R. §§ 404.953—404.954 (1979), as defined in 20 C.F.R. § 404.954a (1979).

Judicial review of administrative proceedings must be sought in accordance with Section 405(g) of the Social Security Act, which provides:

Any individual *after a final decision of the Secretary made after a hearing* to which he was a party, ... may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision.... in ... [a] district court of the United States....

42 U.S.C. § 405(g) (emphasis supplied). Although a decision rendered on a claim at each stage of the administrative process is final and binding upon the parties, 20 C.F.R. §§ 404.908, 404.916, 404.940, 404.951 (1979), the regulations provide that judicial review may be sought only after the Appeals Council renders a decision upon review of an ALJ's decision or denies such review, thus defining an Appeals Council

1. For convenience, we will refer throughout this opinion to the Department in the way it was denominated during the pendency of plaintiff's administrative claims and not by its new name, the Department of Health and Human Services.

2. On November 1, 1976, 20 C.F.R. § 404.911 was amended to require that requests for reconsideration be filed within 60 days after the date of the receipt of notice of the initial determination. 41 Fed.Reg. 47,917 (1976).

3. In 1976, the six-month time period for requesting a hearing was similarly abbreviated to 60 days, the statutory amendment to apply "with respect to any decision or determination of which notice is received by the individual requesting the hearing involved after February 29, 1976." Act of January 2, 1976, Pub.L.No. 94–202, § 5, 89 Stat. 1136. The administrative regulations were altered accordingly. 41 Fed. Reg. 57,755 (1976).

determination as the "final decision of the Secretary" for purposes of Section 405(g). 20 C.F.R. §§ 404.940, 404.951 (1979).

## II.

On November 9, 1972, plaintiff-appellant Rena Watters of Evanston, Illinois, filed her initial claim with the Social Security Administration for survivor benefits for herself and for each of her three children. She alleged that when her husband, Samuel L. Watters, died in October 1972, he was a fully insured wage earner under the Act and that upon his death, she and the children became entitled to benefits. The Administration awarded Rena Watters insurance benefits for herself and for her children, effective October 1972. On December 13, 1973, Leola H. Watters of Anniston, Alabama, filed applications for survivors' benefits on behalf of herself and her four children, on the account of the same deceased wage earner, Samuel L. Watters. The Administration allowed only the application for the children and awarded Leola

H. Watters benefits on behalf of her children.

On June 7, 1974, the Administration notified Rena Watters that the monthly benefits granted to her and her children would have to be reduced to permit allocation of benefits to the deceased wage earner's children by his subsequent marriage in Alabama.[4] Less than six months later, on October 17, 1974, Rena Watters requested reconsideration of the initial determination reducing her benefits. On June 5, 1975, the Administration issued a reconsidered determination affirming the reduction. The notice from the Administration advised Rena Watters that if she desired a hearing before an ALJ on her claim, she would have to make such a request within six months.

Almost two years later, on May 13, 1977, Rena Watters requested a hearing.[5] By order dated January 17, 1978, an ALJ denied her request for a hearing, finding that she had not shown "good cause" to extend the usual six-month deadline. The Appeals Council denied her request for review of the ALJ's decision,[6] informing her that his deci-

---

4. There is a conflict in the record as to exactly when plaintiff learned of this adverse claim filed in Alabama. Plaintiff's complaint states that the Administration notified her and her children of the adverse claim on April 7, 1974. The affidavit of a representative of the Administration, which is attached to appellee's motion to dismiss, indicates the notification was given on June 7, 1974. The supporting documents from Rena Watters' file, which are attached to the affidavit, bear conflicting dates. One is dated April 7, 1974. Two others are dated June 7, 1974. Reliance on the former date would create an additional question as to whether plaintiff timely filed for reconsideration within six months of the determination reducing her family's benefits. Since the Secretary used the June 7, 1974 date and did not make an issue of plaintiff's compliance with this six-month deadline, we also will recognize the June date for purposes of this opinion. Throughout the record we have found discrepancies in the reports of dates of various other actions by plaintiff and the Administration; however, none of these other discrepancies call into question plaintiff's compliance with other filing deadlines.

5. In a document accompanying her request, Rena Watters offered the following explanation for her failure to seek a hearing within six months of the reconsidered determination:

I did not file a request for a hearing within the given time because I did not fully understand the basis of the decision made on my reconsideration and did not feel that there was anything more I could do. I recently discussed this matter with my attorney, who was assisting me with another matter, and was informed that it may be possible to challenge the earlier decision on legal grounds.

6. In appealing the ALJ's ruling, plaintiff expanded her explanation as to why extension of the deadline was warranted in her case. The argument reads in pertinent part as follows:

Representatives of the ... Administration misled the claimant as to the possibilities of challenge and appeal by the incorrect written statement that the deceased and the mother of the alleged additional children 'were ceremonially married on July 19, 1963' .... Representatives further misled the claimant by verbally stating that the details of the asserted marriage were not very important because there were many other easily proven grounds on which the additional children could establish their claim. While such verbal statements may have been technically correct ..., they combined with the incorrect statement as to the alleged ceremonial marriage to create a false sense of hopelessness in the claimant as to the possibility of proper reconsideration. Such incorrect written statement and

sion was correct and constituted the final determination of the Department of Health, Education and Welfare.

Plaintiff thereupon filed this action in the District Court for the Northern District of Illinois, resting jurisdiction on Section 405(g). The district court construed the complaint, which did not specifically indicate which administrative action plaintiff sought to contest, as a challenge to both the reduction of her family's benefits and to the refusal to find "good cause" to extend the deadline for seeking a hearing on the original reduction. The court dismissed the plaintiff's challenge to both actions on the ground it lacked subject matter jurisdiction under Section 405(g) to review either administrative ruling. It lacked jurisdiction over the June 1975 benefit reduction, the court stated, because the determination was not a "final decision of the Secretary made after a hearing," reflecting a failure ⁻on plaintiff's part to exhaust her administrative remedies. It similarly found that the March 1978 refusal to extend the time for requesting a hearing was not a "final decision of the Secretary made after a hearing," analogizing to the Supreme Court's ruling in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) (a refusal to reopen a prior decision of the Secretary was not a "final decision of the Secretary after a hearing" reviewable under Section 405(g)).

Subsequently, plaintiff moved the district court to alter the judgment by, *inter alia*, granting plaintiff leave to amend her complaint to add a constitutional claim that defendant's rejection of her assertion of "good cause" without a hearing constituted a denial of due process. The district court denied this request, noting not only plaintiff's tardiness in raising the constitutional issue, but also ruling that since the ALJ had examined the merits of plaintiff's reasons

for seeking an extension, *see* note 5 *supra*, and had found they did not constitute "good cause," a hearing on the issue would have served no purpose. In any event, the district court added, whatever benefit a hearing might have served would have been outweighed by the administrative burden.

Plaintiff requested that the court reconsider this denial of her motion to alter the judgment, reasserting her due process claim. She argued that by denying her request for a hearing on the "good cause" issue, the Administration admitted the existence of "good cause." She argued that given this admission, the failure to reconsider the merits of her objection to the reduction in benefits was arbitrary and constituted a denial of due process. Once again, the court rejected plaintiff's motion, noting that even assuming "good cause" had been shown, the decision to grant the extension would have been discretionary with the ALJ or Appeals Council. On appeal, plaintiff seeks review of the district court's refusal to review the ALJ's failure to extend the limitations period and the underlying reduction determination.

### III.

#### A.

▪ As the district court noted, *Sanders v. Califano*, 430 U.S. 99, 108, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977), held that Section 405(g) does not authorize review of a refusal by the Secretary to reopen a previously adjudicated claim for benefits.[7] We agree with the district court that the analysis in *Sanders* as well as the reasoning in *Ortego v. Weinberger*, 516 F.2d 1005, 1007–08 (5th Cir. 1975), and *Cappadora v. Celebreeze*, 356 F.2d 1, 4 (2d Cir. 1966), cited by the *Sanders* court, compel a holding that refusals to extend administrative deadlines for requesting a hearing before an ALJ are not

misleading verbal statements constitute good cause for extending the time for claimant to request the subject reconsideration as explicitly set forth in 20 C.F.R. § 404.954a(f) .... The unusual nature of the circumstances involved also are within the terms of subsection (i), 20 C.F.R. § 404.954a(i).

7. The opportunity to request reopening of a final decision and to seek a hearing on such request is established by regulation. *See* 20 C.F.R. §§ 404.957–404.958 (1979).

reviewable under Section 405(g).[8]  *See Bull v. Califano*, [Jan.—Dec. 1979 Transfer Binder] Unempl.Ins.Rep. (CCH) § 16,488 (N.D.N.Y.1979); *Whitelock v. Califano*, 451 F.Supp. 541 (E.D.Pa.1977). *Cf. Sheehan v. Secretary of HEW*, 593 F.2d 323 (8th Cir. 1979); *Gilbert v. Califano*, [Jan.—Dec. 1979 Transfer Binder] Unempl.Ins.Rep. (CCH) § 16,219 (D.S.C.1978); *Brown (Lorene) v. Mathews*, [Jan. 1976—Jan. 1977 Transfer Binder] Unempl.Ins.Rep. (CCH) § 14,990 (W.D.Mo. 1976).

▪ Section 405(g) clearly limits judicial review to a particular type of agency action, a "final decision of the Secretary made after a hearing." As is true of a petition to reopen a prior decision, a request for an extension of time within which to request a hearing may be denied without a hearing. 42 U.S.C. § 405(b). Section 405(b) requires that the Administration hold a hearing in only one instance—where an adverse *ex parte* determination on a claim for benefits has been made and timely request for a hearing on that claim has been filed.[9] The

opportunity to request an extension of time for complying with administrative filing deadlines and any hearing conducted to determine the propriety of such action are afforded by regulations of the Secretary and not compelled by statute.

▪ To interpret Section 405(g) to allow a claimant judicial review simply by filing, and being denied an opportunity to extend the time for complying with administrative filing deadlines would subvert the Congressional purpose, manifested in Section 405(g), to impose a 60-day limit on judicial review of the final decision of the Secretary on an initial claim for benefits.[10] Moreover, were we to recognize a rule authorizing judicial review of refusals to extend filing deadlines different from that imposed by the Supreme Court with regard to requests to reopen, claimants could circumvent the *Sanders* holding merely by filing for extensions. As noted in *Sanders*, "Congress' determination ... to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall

---

**8.** Despite the statement in *Ortego* that failure to seek a hearing on a claim for benefits precluded review of a refusal to reopen, *see* 516 F.2d at 1008, we believe our holding of nonreviewability applies regardless of whether the claimant has previously requested and obtained a hearing on the underlying claim. Indeed, the claimant in *Sanders* had originally litigated the claim he sought to reopen in a hearing before an ALJ and had pursued his claim through the final administrative stage of Appeals Council review. 430 U.S. at 102, 97 S.Ct. at 982.

**9.** Specifically, § 405(b) provides in relevant part as follows:

The Secretary is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Upon request by any such individual ..., he shall give such applicant ... reasonable notice and opportunity for a hearing with respect to such decision, and, if a hearing is held, shall, on the basis of evidence adduced at the hearing, affirm, modify, or reverse his findings of fact and such decision. Any such request with respect to such a decision must be filed within sixty days after notice of such decision is received by the individual making such request. The Secretary is further authorized, on his own motion, to hold such hearings and to conduct such investigations and other proceedings as he

may deem necessary or proper for the administration of this subchapter.

**10.** Although § 405(g) could be interpreted as applying to any final decision of the Secretary that might be handed down after a hearing, whether or not such hearing is required by statute, we think a more reasonable reading of § 405(g) may be that Congress intended it to apply only to a final decision entered after a hearing mandated by statute. The intent was that § 405(g) not apply to decisions which lawfully could have been made without any hearing at all. To construe § 405(g) as granting review of the refusal to extend plaintiff's filing deadline would indicate Congress intended § 405(g) to apply when the Administration agreed to give a claimant the benefit of a hearing on an administrative appeal not required by statute, but not when it had done less in disposing of a request. Indeed, as pointed out in *Cappadora v. Celebreeze*, 356 F.2d at 5, "the broader reading could operate adversely to claimants generally since if a nonmandatory hearing would entail judicial review not otherwise available, this might deter the agency from giving a procedural benefit which the statute does not demand." In any event, in the instant case the fact is that there was no hearing—whether mandated by statute or otherwise. The agency action was not a "final decision of the Secretary made after a hearing."

repetitive or belated litigation of state eligibility claims. Our duty, of course, is to respect that choice." 430 U.S. at 109, 97 S.Ct. at 986.

Plaintiff attempts to distinguish *Sanders* as involving an attempt to reopen a final decision of the Secretary rendered by the Appeals Council whereas the instant case focuses on an attempt to gain additional consideration for an underlying claim processed only through the reconsideration level. By this assertion, plaintiff seems to be arguing that the standards for authorization of review should be more lenient because plaintiff seeks to return to an earlier point in the chain of administrative process than did the claimant in *Sanders*. We find such an argument untenable. To adopt it would discourage claimants from exhausting their remedies in hopes of increasing the likelihood that they would later be allowed to pursue any denial of a request for an extension in federal court.

Plaintiff also attempts to distinguish *Sanders* by noting that there the ALJ, in refusing the request to reopen the original claim, noted the evidence with which the claimant supported his request was "merely rep[e]titio[u]s and cumulative." 430 U.S. at 103, 97 S.Ct. at 983 (brackets in original). In contrast, she points out that the reasons she offered to support her assertion that "good cause" existed for an extension focused upon allegedly incorrect and misleading information furnished to her by the Administration. *See* note 6 *supra*. We note, however, that the Appeals Council considered and rejected these arguments as to the existence of "good cause." We fail to understand how plaintiff could contend this difference between the reasons offered for the administrative determinations in her case and in *Sanders* entitles her appeal to any greater review than that given to the conclusion that evidence is cumulative.

### B.

The Supreme Court in both *Weinberger v. Salfi*, 422 U.S. 749, 764–67, 95 S.Ct. 2457, 2466–67, 45 L.Ed.2d 522 (1975), and *Mathews v. Eldridge*, 424 U.S. 319, 330–32, 96 S.Ct. 893, 900–01, 47 L.Ed.2d 18 (1976), recognized an exception to the exhaustion requirement for Section 405(g) jurisdiction in instances in which a claimant raises a constitutional challenge collateral to the substantive claim of entitlement to benefits.

As noted above, plaintiff attempted to save her complaint from dismissal by asserting a constitutional claim in her motion to alter or amend the judgment of the district court. As presented on appeal, plaintiff's constitutional argument is premised on the assumption that in denying her request for a hearing and in moving in the district court to dismiss her claim, the Secretary admitted the allegations of "good cause" for the requested extension presented in her complaint. To deprive her of a hearing in an instance in which "good cause" exists, plaintiff's argument continues, would be violative of due process as it would create an arbitrary and invidious distinction among similarly situated claimants.[11]

It is settled that while all well-pleaded material averments of a complaint are admitted in a motion to dismiss, unsupported conclusions of fact and conclusions of law are not admitted. A determination of the existence of "good cause" falls into the latter category of averments which are not admitted. We believe the assumption upon which plaintiff's constitutional argument is premised, namely the existence of an administrative admission of "good cause," is faulty. Accordingly, we do not find that this appeal fits within the class of cases excepted from meeting the administrative finality and hearing requirements of

---

**11.** Although plaintiff's motion to amend the judgment of the district court appears to present a question as to her constitutional entitlement to a hearing on her petition for an extension of time to request a hearing, plaintiff does not raise such an entitlement issue on appeal. Plaintiff's reply brief filed in this forum explicitly states, "Plaintiffs never claimed a hearing was necessary to deny a request for hearing."

Section 405(g) because they present colorable constitutional claims.[12]

## IV.

■ Plaintiff also seeks review of the underlying decision reducing her family's benefits by arguing that an administrative hearing is not an absolute prerequisite for judicial review of this claim under Section 405(g). Plaintiff asserts that her argument is supported by the following passage in *Mathews v. Eldridge*, 424 U.S. at 328, 96 S.Ct. at 899, construing the requirement that there be a final decision of a Secretary after a hearing as a prerequisite to judicial review:

[t]his condition consists of two elements, only one of which is purely 'jurisdictional' in the sense that it cannot be 'waived' by the Secretary in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The non-waivable element is the requirement that a claim for benefits shall have been presented to the Secretary.

Here, there is no question that plaintiff satisfied the nonwaivable jurisdictional prerequisite by presenting a claim to the Administration. With regard to the other element, plaintiff in her reply brief in this court argues that the Secretary's denial of her request for a hearing is tantamount to a waiver of the exhaustion of remedies requirement. Plaintiff offers no citation of authority in support of this point. We do not believe any is available. We do not see any way in which any of the actions of the Secretary in this matter can be construed as a waiver of the exhaustion of remedies requirement. Cf. *Weinberger v. Salfi*, 422 U.S. at 767, 95 S.Ct. at 2467. Nor do we believe, given the absence of a colorable constitutional claim, that this case presents any of the reasons found in *Eldridge*, 424 U.S. at 330–32, 96 S.Ct. at 900–01, to justify a *sua sponte* waiver of the exhaustion requirement. As we discussed in Part III. A., *supra*, we believe that the decision to condition the right to a hearing, and consequently the right to judicial review, on the requirement that a request for a hearing be made in timely fashion reflects a rational policy choice on the part of Congress. We find the district court properly granted the motion to dismiss plaintiff's request for review of her underlying claim because jurisdiction could not be founded upon Section 405(g).

AFFIRMED.

---

12. We do not construe any of plaintiff's assertions as raising a question whether the Administration fraudulently reached its determination to deny her request for a hearing. Thus, we reserve for another time a determination whether mandamus jurisdiction exists in the federal courts, under 28 U.S.C. § 1361, to review a clearly illegal refusal to reopen or extend filing deadlines. This question has been raised in other litigation because § 405(h) provides, in relevant part, that "[n]o findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or government agency except as herein provided." The Secretary has argued that the decisions in *Salfi* and *Sanders* preclude mandamus jurisdiction. *See* [1979] 1 Unempl.Ins.Rep. (CCH) § 12,675 at 1374. *See also* Rogers, *A Way Out of the Social Security Jurisdiction Tangle*, 21 Ariz.L. Rev. 689, 714–16 (1979) for a former government lawyer's explanation of this preclusion. Nonetheless, "mandamus jurisdiction has been invoked in actions that do not affect the merits of an underlying statutory issue where there exists (1) a clear right to the relief sought; (2) a plainly denied and preemptory [sic] duty on the part of the defendant to do the act in question; and (3) no other adequate available remedy." [1979] 1 Unempl.Ins.Rep., *supra*, at 1374. *See White v. Mathews*, 559 F.2d 852 (2d Cir. 1977), *cert. denied*, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978).