**Harvey PUGH, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of the Department of Health and Human Services, Defendant.**

**No. 87 C 0922.**

United States District Court, N.D. Illinois, E.D.

Sept. 3, 1987.

Jeffrey A. Rabin, Pfeffer, Becker & Cerveny, Ltd., Chicago, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty. for N.D. Ill., Thomas Walsh, Asst. U.S. Atty., U.S. Dept. of Justice, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

This action is for judicial review of a determination of entitlement to disability insurance benefits and a period of disability. The issue here is narrower than ordinarily occurs in these types of cases since disability is unquestioned as of November 2, 1985. The plaintiff, however, argues that the onset of disability occurred on March 31, 1982.

The issue is further narrowed by virtue of certain procedural rules. Pugh filed his first disability application on October 27, 1982 alleging disability on March 31, 1982. The application was denied on December 22, 1982 at the initial determination stage, and Pugh took no appeal. On September 16, 1983 Pugh tried again and was finally denied on May 4, 1984 (after some delay due in part to Pugh's failure to appear for a medical examination). This time Pugh sought an administrative hearing, but his request was dismissed by an Administrative Law Judge (ALJ) and placed for the hearing. He did not seek any further review of this order.

On April 19, 1985 Pugh made his third attempt for disability benefits and, as in prior cases, claimed its onset was March 31, 1982. His claim was initially denied and then denied on reconsideration, but he finally prevailed in part before an ALJ who heard his case on April 7, 1986. On June 11 the ALJ found Pugh disabled commencing November 2, 1985 but not prior thereto.

At this last hearing Pugh requested that the ALJ reopen the earlier application because the April 19, 1985 application was made within one year of the prior ALJ's dismissal (September 26, 1984). The rule providing for such reopening within one year refers to a period of one year from the initial determination. *See* 20 C.F.R. Sec. 404.988(a). The April 19, 1985 application is more than a year removed from the initial determination of the prior application which occurred on November 21, 1983. Reopening was not therefore available to Pugh. Moreover, the ALJ refused to reopen and the Court is without jurisdiction for review of the decision not to reopen. *Califano v. Sanders*, 430 U.S. 99, 107–09, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977); *Watters v. Harris*, 656 F.2d 234, 238 (7th Cir.1980).

Pugh argues that the prior applications were in fact reopened because the ALJ considered the old evidence. The Court agrees that the ALJ considered the entire medical record and believes that had he not done so Pugh would complain, rightly, of his failure to do so. But review of all the medical evidence in the case (including that which was previously submitted) is not the equivalent of reviewing the merits of the claims decided in prior proceedings. There is nothing in the record to indicate that the *merits* of the old petitions were considered. What was considered was the entire medical file containing new and old matters to enable the ALJ to decide present disability and its onset. The ALJ found disability beginning November 2, 1985, an issue not presentable in the previous petition. No statement of the ALJ or action he took fairly implies that he was reopening old matters, and he stated that he was not. Administrative *res judicata* therefore applies and it applies to all that occurred prior to the Secretary's final decision on the second petition for benefits. *See Califano v. Sanders*, 430 U.S. at 108, 97 S.Ct. at 985. The Secretary's final decision was made on May 4, 1984.

Accordingly, the remaining dispute between the parties is the state of Pugh's disability from May 5, 1984 to November 2, 1985, and the question to be resolved is whether the ALJ's decision is supported by substantial evidence. *Stephens v. Heckler,* 766 F.2d 284 (7th Cir.1985).

Pugh suffers from severe pulmonary impairment and hypertension. He has been unwell for a considerable period of time. The evidence at the hearing was directed primarily to his disability at the time of the hearing, and Pugh prevailed on that question. There was little focus on the precise question of onset, but there are two basic elements in the record to sustain the ALJ's findings. First, the pulmonary function test values failed to meet the listings requirements until November 2, 1985. Second, a physician who reviewed various reports of objective medical indicia found Pugh capable of performing medium work. Pugh objects that reliance on the pulmonary function tests alone is in violation of the law and cites *New York v. Bowen,* 655 F.Supp. 136 (S.D.N.Y.1987), to support his claim. The record before this Court does not establish the element of sole reliance on a single test found in *New York v. Bowen.* Further, the evidence heard by Judge Carter there apparently established the medical impropriety of relying on treadmill tests alone. No such showing is made here with respect to pulmonary function tests as measurements of the severity of pulmonary impairment. This Court cannot find on the record before it that excessive reliance was placed upon a form of evidence too weak to bear the weight, nor can I find that it was the only evidence to support the ALJ's finding.

The ALJ here was conscientious and his conclusion is supported by substantial evidence. Pugh's motion for summary judgment is DENIED and the Secretary's cross motion for summary judgment is GRANTED.