George **BERNSTEIN** on Behalf
of Theodore **BERNSTEIN**,
Plaintiffs,

v.

Donna **SHALALA**, Secretary of
the Department of Health and
Human Services, Defendant.

No. CV 93–0375 (ADS).

United States District Court,
E.D. New York.

May 27, 1994.

Robert, Lerner & Bigler by Charles Robert, Rockville Centre, NY, for plaintiffs.

Zachary W. Carter, U.S. Atty., E.D.N.Y. by Asst. U.S. Atty., Leslie Brodsky, Brooklyn, NY, for defendant.

### *MEMORANDUM DECISION AND ORDER*

SPATT, District Judge.

On behalf of the plaintiff Theodore Bernstein ("Bernstein" or "plaintiff"), George Bernstein commenced this action pursuant to 42 U.S.C. § 405(g) to appeal the denial of Medicare benefits to the plaintiff based on the finding that the Request for Reconsideration of the denial of the benefits was not timely filed. The defendant Donna E. Shalala, Secretary of Health and Human Services, moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) based on the failure to state a claim and Fed.R.Civ.P. 12(b)(1) based on a lack of jurisdiction.

Although the plaintiff opposed this motion, the papers filed in opposition to the motion were untimely and therefore the Court indicated to the plaintiff that the Court would not consider the opposition papers. However, upon reconsideration, the Court will consider the papers filed by the plaintiff in opposition to the motion to dismiss.

### *BACKGROUND*

On or about November 12, 1992, the plaintiff Theodore Bernstein was admitted into the Rockville Nursing Center and, thereafter, claims for Medicare benefits were submitted. On or about February 24, 1992, the defendant denied Medicare benefits for the period November 12, 1991 through December 11, 1991 in a Notice of Claim Determination (*See* Complaint, at ¶ 8). It is alleged by the plaintiff that this Notice of Claim Determination stated "Rockville Nursing Center has determined that the services [plaintiff] needed from November 12, 1991 through December 11, 1991 did not meet the requirements for payment under Medicare because [he] did not need skilled nursing or skilled rehabilitation services or did not need them on a daily basis" (Complaint, at ¶ 8). Further, the complaint alleges that on or about March 19, 1992, the defendant denied Medicare benefits for the period December 12, 1991 through December 31, 1991 based on the same reasons (*See* Complaint, at ¶ 9).

On or about March 24, 1992, the plaintiff alleges that he appealed the decision to deny Medicare benefits by submitting a Request for Reconsideration to fiscal intermediary. The Travelers Insurance Company ("Travelers") (*See* Complaint, at ¶ 10). However, on May 21, 1992, The Travelers informed the plaintiff that it was not the proper fiscal intermediary. On or about May 27, 1991, the Request for Reconsideration was filed with the proper fiscal intermediary, Empire Blue Cross/Blue Shield (*See* Complaint, at ¶ 12). However, "[o]n June 10, 1992, defendant, through Medicare's fiscal intermediary, Empire Blue Cross/Blue Shield dismissed the request for reconsideration as being untimely and without good cause" (Complaint, at ¶ 13).

On or about June 15, 1992, the plaintiff requested a hearing before an Administrative Law Judge "to address the issue of whether or not the request was timely filed in May, 1992" (Complaint, at ¶ 14). According to the complaint,

"[o]n August 18, 1992, a Notice of Dismissal was issued by Jerome J. Feiner, Administrative Law Judge of the Department of Health and Human Services, Office of Hearings and Appeals, citing 20 C.F.R. § 404.930(a) which does not provide a right to a hearing unless a reconsideration determination has been rendered on the matter in issue and 20 C.F.R. § 404.957C(2), allowing the request for a hearing to be dismissed where the party making the request does not have a right to a hearing under Section 404.930" (Complaint, at ¶ 15).

On or about August 21, 1992, the complaint alleges that the plaintiff requested that the Appeals Council reverse the decision to dismiss the Request for a Hearing and that a hearing be set down "to decide the factual issue of whether the Request for Reconsideration had been timely filed" (Complaint, at ¶ 16). Apparently, on or about November 25, 1992, the Appeals Council determined that "since there was no reconsideration determination, there was no right to a hearing under 20 C.F.R. 404.930 or 42 C.F.R. 405.720" (Complaint, at ¶ 17).

It is based on the above determinations that the plaintiff commenced this action. The defendant moves to dismiss the complaint.

## DISCUSSION

### Motion to Dismiss:

On a motion to dismiss for failure to state a claim, "the court should not dismiss the complaint pursuant to Rule 12(b)(6) unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' " (*Goldman v. Belden*, 754 F.2d 1059, 1065 [2d Cir.1985] [quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)]; *see also IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1052–53 [2d Cir. 1993]). The Second Circuit stated that in deciding a Rule 12(b)(6) motion a Court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken" (*Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 [2d Cir.1993]; *see also Rent Stabilization Ass'n of the City of New York v. Dinkins*, 5 F.3d 591, 593–94 [2d Cir.1993] [citing *Samuels, supra*, 992 F.2d at p. 15]).

It is not the Court's function to weigh the evidence that might be presented at a trial, the Court must merely determine whether the complaint itself is legally sufficient (*See Goldman, supra*, 754 F.2d at p. 1067) and in doing so, it is well settled that the court must accept the allegations of the complaint as true (*see LaBounty v. Adler*, 933 F.2d 121, 123 [2d Cir.1991]; *Procter & Gamble Co. v. Big Apple Indus. Bldgs, Inc.*, 879 F.2d 10, 14 [2d Cir.1989], *cert. denied*, 493 U.S. 1022 [110 S.Ct. 723, 107 L.Ed.2d 743] [1990]), and construe all reasonable inferences in favor of the plaintiff (*See Scheuer v. Rhodes*, 416 U.S. 232, 236 [94 S.Ct. 1683, 1686, 40 L.Ed.2d 90] [1974]; *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1099 [2d Cir.1988], *cert. denied*, 490 U.S. 1007 [109 S.Ct. 1643, 104 L.Ed.2d 158] [1989]).

The Court is mindful that under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed.R.Civ.P. 8[a][2]), and that "[a]ll pleadings shall be so construed as to do substantial justice" (Fed.R.Civ.P. 8[f]). It is within this framework that the Court addresses the present motion to dismiss.

### Judicial Review:

The judicial review of a decision by the Secretary is governed by 42 U.S.C. § 405(g) which states, in relevant part, that "[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within sixty days after the mailing to him or notice of such decision or within such further time as the Secretary may allow" (42 U.S.C. § 405[g]). According to this same statutory provision, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing" (42 U.S.C. § 405[g]).

The Social Security Administration promulgated regulations governing the administrative review process, and the first requirement under these regulations is to have an "initial determination" made by the Secretary. In this case, the complaint alleges that there were two initial determinations, namely on February 24, 1992 denying the benefits for the period from November 12, 1991 through December 11, 1991, and on March 19, 1992 denying the benefits for the period from December 12, 1991 through December 31, 1991 (*See* Complaint, at ¶¶ 8–9). The regulations further state that an "initial determination" is subject to administrative and judicial review (*See* 20 C.F.R. § 404.902[a] ).

After the initial determination, the regulations state that "[i]f you are dissatisfied with an initial determination, you may ask us to reconsider it" (20 C.F.R. § 404.900[a][2] ). This is where the problems began. The complaint alleges that the plaintiff first submitted the Request for Reconsideration on March 24, 1992 to the wrong fiscal intermediary. This request was not submitted to the correct fiscal intermediary, Empire Blue Cross/Blue Shield, until May 27, 1992.

The regulations require that Requests for Reconsideration be filed "[w]ithin 60 days after the date you receive notice of the initial determination" (20 C.F.R. § 404.909[a][1] ), unless the time period is extended based on a showing of "good cause for missing the deadline" (20 C.F.R. § 404.909[b] ). The complaint alleges that the Request for Reconsideration was rejected by Empire Blue Cross/Blue Shield because it was "filed untimely and without good cause" (Complaint, at ¶ 13).

Although the plaintiff attempted to obtain a hearing before an administrative law judge and a review by the Appeals Council, the final two steps of the administrative review process (*see* 20 C.F.R. § 404.900[a][3] & [a][4] ), the complaint alleges that neither the administrative law judge, nor the Appeals Council, would review this matter because there had been no determination made on the Request for Reconsideration (*See* Complaint, at ¶¶ 15–17).

According to the administrative regulations, a party may request a hearing before an administrative law judge "[i]f you are dissatisfied with one of the determinations or decisions listed in § 404.930" (20 C.F.R. § 404.929). It appears to the Court that none of the categories of determinations listed in section 404.930 are directly on point (*See* 20 C.F.R. § 404.930). The Secretary appears to take the position that since the plaintiff did not file a Request for Reconsideration with the proper fiscal intermediary in a timely manner, the administrative law judge is not authorized to act (*See* 20 C.F.R. § 404.957[c][2] [administrative law judge may not act when the "person requesting a hearing has no right to [the hearing] under § 404.930"] ).

It is the position of the plaintiff that this Court should be permitted to review the decision by the Secretary not to consider the Request for Reconsideration based on the finding that it was untimely and there was no "good cause" for the late filing. The plaintiff contends that sending the Request for Reconsideration to the incorrect fiscal intermediary constitutes "good cause" for the failure to timely file the request with the correct intermediary. The basis for this contention is that the regulations set forth several examples of "good cause", one of which is when "[y]ou sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired" (20 C.F.R. § 404.911[b][8] ).

According to the Second Circuit in a case addressing the untimely filing of a request for review to the Appeals Council, "[t]he Appeals Council may dismiss an untimely request for review ... and such a dismissal is not reviewable by the district court because it was not a 'final decision' within the meaning of § 405(g) ... The Appeals Council may also extend the filing time on a showing of good cause ... but a refusal to do so, like a dismissal of a untimely request, is not a subject to judicial review" (*Dietsch v. Schweiker*, 700 F.2d 865, 867 [2d Cir.1983] [citing *Watters v. Harris*, 656 F.2d 234, 239–40 (7th Cir.1980) ] ).

In the *Watters* decision, cited as authority by the Second Circuit in the *Dietsch* decision, the Seventh Circuit stated "[t]o interpret

Section 405(g) to allow a claimant judicial review simply by filing, and being denied an opportunity to extend the time for complying with administrative filing deadlines would subvert the Congressional purpose, manifested in Section 405(g), to impose a 60–day limit on judicial review of the final decision of the Secretary on an initial claim for benefits" (*Watters, supra,* 656 F.2d at p. 239).

Although the above cases address the issue of a "good cause" extension of time in the context of an application to the Appeal's Council to review a determination by an administrative law judge (*see Dietsch, supra,* 700 F.2d at p. 867; *see also Sinatra v. Heckler,* 566 F.Supp. 1354, 1357 [E.D.N.Y.1983] [Weinstein, Ch. J.] ["The Second Circuit has apparently taken the position that absent an administrative decision on the merits, district court jurisdiction cannot ordinarily be founded on section 205(g)"] ), it does not appear to this Court that a different rule should be enunciated when addressing the issue of a "good cause" determination in the context of a Request for Reconsideration to the Secretary.

The Seventh Circuit addressed a situation in which a plaintiff failed to file a timely Request for Reconsideration and the Secretary denied reconsideration "on the grounds that the request was not timely filed" (*Giacone v. Schweiker,* 656 F.2d 1238, 1240 [7th Cir.1981] ). In the *Giacone* case, however, the plaintiff was not informed of the possibility of requesting that the Secretary accept the late filing based on a showing of "good cause" (*See Giacone, supra,* 656 F.2d at p. 1241 ["Giacone, an elderly man with an eighth grade education, who pursued his claim through the administrative process without benefit of counsel, was not informed of the 'good cause' extension regulations or that 'good cause' was even an issue and he failed to present any evidence to the ALJ on this issue"] ). The plaintiff Giacone requested a hearing before an administrative law judge and an appeal to the Appeals Council, but as in this case, those requests were denied.

After the administrative process proved fruitless, the plaintiff Giacone filed an action in federal court. The district court in *Gia-cone* dismissed the complaint based on the lack of jurisdiction due to the failure of the plaintiff Giacone to submit a Request for Reconsideration to the Secretary in a timely manner. However, the Seventh Circuit found that there was an inadequate determination with regard to the finding of no "good cause" for the late filing and remanded the case "for a prompt determination of the 'good cause' issue" (*See Giacone, supra,* 656 F.2d at pp. 1244–45). Specifically, the Seventh Circuit stated:

"Social Security beneficiaries thus deserve full due process protection while pursuing a disputed claim for benefits through the twists and turns of the administrative process.

The risk of an erroneous deprivation of benefits through the failure to inform a claimant of the 'good cause' issue is also very great. A 'good cause' determination essentially seals the fate of a Social Security claimant who has submitted a tardy filing. If 'good cause' is established, the individual will be able to obtain further administrative and judicial review of the merits of the claim. Without a showing of 'good cause,' further review of the claim is unlikely. Thus, the establishment of procedural safeguards to inform claimants of the existence and importance of the 'good cause' determination would provide valuable protection against the erroneous denial of Social Security benefits. Here, the claimant contends that he was seriously and substantially misled by the fabian tactics of the Rockford Social Security office. He thus had a persuasive story to tell had he been on proper notice that the causes of delay were in issue" (*Giacone, supra,* 656 F.2d at p. 1244).

In this regard, the present case is different than *Giacone.* The denial of the Request for Reconsideration on June 10, 1992, which although not annexed to the complaint was clearly referenced by the complaint and thereby properly considered by this Court on the motion to dismiss, states that:

"Since you submitted your request for reconsideration of the claim on 5/29/92, which is more than 60 days from the date of receipt of the denial notice, and it has been

determined that good cause for late filing does not exist, the request for reconsideration is being dismissed. The original decision is upheld and all action on this claim has been terminated.

*In your letter requesting reconsideration for this claim period, it was explained that the initial request was incorrectly submitted to The Travelers. Since the correct address for filing an appeal appears on the Notice of Medicare Claim Determination, it has been determined that good cause for late filing does not exist*" (Letter from Medicare, dated June 10, 1992 [emphasis added]).

It appears uncontroverted that the representative of the Secretary who issued this letter considered the uncontested fact that the Request for Reconsideration was first sent to The Travelers in error, yet still determined that there was no showing of "good cause" to permit a late filing.

In this case, at the time the plaintiff filed the Request for Reconsideration, the plaintiff raised the issue of the reason for the late filing. The plaintiff was afforded the opportunity to present the reasons for the untimely filing and therefore the plaintiff was not deprived of due process with regard to making a request for permission to file an untimely Request for Reconsideration (*See Giacone, supra,* 656 F.2d at p. 1244).

Since the plaintiff was represented by counsel throughout this Medicare process, the rejection of the Request for Reconsideration clearly stated that a finding was made that the plaintiff failed to establish "good cause", and there was nothing alleged in the complaint stating any misrepresentations made by any officials of the government, the Court finds that the dismissal of the untimely Request for Reconsideration is not subject to judicial review under 42 U.S.C. § 405(g) (*See Dietsch, supra,* 700 F.2d at p. 867).

## CONCLUSION

Based on the foregoing, the motion to dismiss the complaint is granted.

The Clerk of the Court is advised that this decision closes the case.

**SO ORDERED.**