Evelyn TUDOR on Behalf of Anna SANDERS, SS# : 113–26–6171, Plaintiff,

v.

Donna SHALALA, Secretary of the Department of Health & Human Services, Defendant.

No. CV 93–2340.

United States District Court, E.D. New York.

Sept. 29, 1994.

Robert, Lerner & Bigler, Rockville Centre, NY (John M. Bigler, of counsel), for plaintiff.

Zachary W. Carter, U.S. Atty. E.D.N.Y., Brooklyn by Arthur P. Hui, Asst. U.S. Atty., for defendant.

## MEMORANDUM AND ORDER

SPATT, District Judge:

The plaintiff Anna Sanders ("Sanders"), through her daughter Evelyn Tudor, has commenced this action for judicial review of a decision by the Secretary of Health and Human Services ("defendant" or "Secretary"). The decision at issue is a dismissal of Sanders' request for a hearing to review the denial by her health insurer of a reconsideration of its initial determination denying a Medicare claim submitted by Sanders.

The United States of America on behalf of the defendant moves pursuant to Fed. R.Civ.P. 12(b)(1) to dismiss the plaintiff's complaint, on the grounds that the Court lacks subject matter jurisdiction.

## STATUTORY AND REGULATORY FRAMEWORK

The Medicare claims that are at issue here are governed by Title XVIII of the Social Security Act, as amended, 42 U.S.C. § 1395 *et seq.*, 79 Stat. 291, commonly known as the Medicare Act ("Act"). The regulatory provisions governing Medicare claims are set forth at 42 C.F.R. subchapter B, §§ 405–424.

The Medicare Act establishes a federally subsidized health insurance program to be administered by the Secretary. Part A of the Act, 42 U.S.C. § 1395c *et seq.* provides insurance for, among other things, the cost of hospital and post-hospital services. Pursuant to 42 U.S.C. § 1395h, Part A of the Act is also administered by private insurers under contract with the Department of Health and Human Services ("HHS"). The private insurer is designated by HHS as a "fiscal intermediary," and is authorized, among other things, to review and determine benefit claims, and to pay such claims. 42 C.F.R. § 421.200.

Appeals and reviews of claim determinations under Part A of the Medicare Act, including determinations by fiscal intermediaries, are governed by the regulatory scheme set forth in 42 C.F.R. §§ 405.701–750 and 20 C.F.R. Subpart J, §§ 404.900–999d, incorporated by reference at 42 C.F.R. § 405.701(c).

The regulatory scheme essentially provides that the intermediary must notify the individual claimant in writing of its initial determination regarding a submitted claim for benefits payments. 42 C.F.R. § 405.702. The initial determination is final and binding upon the individual on whose behalf the claim was submitted, unless it is reconsidered or revised. The individual is also considered a party to the initial determination. *Id.*

Reconsideration of an initial determination must be requested by a party to that deter-

mination in writing, within sixty days after the notice of the initial determination is received. 42 C.F.R. § 405.711. The time for filing a request for reconsideration may be extended by the intermediary, but only for good cause shown. 42 C.F.R. § 405.712. The various factors that the Secretary or intermediary may consider when determining whether good cause exists to extend an untimely filing are set forth at 20 C.F.R. § 404.911.

If good cause is shown, then the extension is granted and the initial determination is reconsidered. The intermediary then notifies the individual in writing of the reconsideration determination, 42 C.F.R. § 405.716. The reconsidered determination is final and binding on the individual unless (i) the individual requests a hearing before an Administrative Law Judge ("ALJ") within sixty days from receiving the notice of a reconsidered determination, or (ii) the reconsidered determination is revised by reopening the determination pursuant to section 405.750, or an expedited appeal of the reconsidered determination is taken. *See* 42 C.F.R. § 405.717.

The regulations further provide that an individual has "a right to a hearing" before an ALJ regarding an initial determination if the initial determination has been reconsidered by the intermediary, the individual was a party to the reconsidered determination, the individual properly files a request for a hearing, and the amount of controversy exceeds $100. 42 C.F.R. § 405.720; *see also* 20 C.F.R. § 404.930(a)(1) (a hearing is available before an ALJ if a reconsideration determination has been made).

If, on the other hand, good cause is not shown, then there is no reconsideration, and the individual loses their right to further administrative review and judicial review. *See* 20 C.F.R. § 404.900(b); 20 C.F.R. § 404.903(j) (denying the request to extend the time period for requesting review of a determination is an administrative action that is not subject to the administrative review process or to judicial review). Thus, the net effect of filing an untimely request for reconsideration and subsequently being denied an extension to file the request is that the indi-

vidual loses his or her right to a hearing before the ALJ.

With respect to the jurisdiction of the ALJ and the Appeals Council, the regulations provide that an ALJ may dismiss a request for a hearing if the ALJ decides there is cause to dismiss a hearing request entirely because "the person requesting the hearing has no right to it under § 404.930." *See* 20 C.F.R. § 404.957(c)(2). Thus, an ALJ may dismiss a request for a hearing in the situation where a reconsideration determination has not been made.

Finally, 20 C.F.R. § 404.970 provides in relevant part that the Appeals Council will review a case if:

(1) There appears to be an abuse of discretion by the administrative law judge;

(2) There is an error of law;

(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or

(4) There is a broad policy or procedural issue that may affect the general public interest.

## BACKGROUND AND PROCEDURAL HISTORY

The plaintiff Anna Sanders was admitted to the Jewish Hospital of Rochester ("JHR") on February 25, 1992, a skilled nursing facility, after being in the hospital. A claim was submitted to her Medicare insurer Empire Blue Cross/Blue Shield ("EBCBS") for nursing home Medicare benefits covering the period February 25, 1992 until March 25, 1992. In a "Notice of Medicare Claim Determination" dated May 6, 1992, EBCBS denied Sanders' claim on the grounds that during the claim period the plaintiff did not require skilled nursing or skilled rehabilitation services at JHR.

Sanders' daughter forwarded the Medicare denial notice to her attorneys. On July 28, 1992, the plaintiff's attorneys contacted EBCBS—the fiscal intermediary as designated by the Medicare Part A regulations—and requested a reconsideration of the initial determination denying the Medicare claim. This request was made approximately 17 days beyond the 60 day period for requesting

reconsideration of an initial determination as provided for by 42 C.F.R. § 405.711. In the letter requesting reconsideration, the plaintiff alleged there was good cause for the untimely request, based on the confusion of the plaintiff's daughter concerning the requirements of Medicare and Medicaid. By letter dated August 11, 1992 EBCBS denied the request for reconsideration, on the grounds that it was untimely and without good cause.

The plaintiff then requested a hearing before an ALJ to address the issue of whether or not the request for reconsideration was timely filed. In an order dated October 16, 1992, ALJ Emanuel Poverstein dismissed the plaintiff's request for a hearing on the grounds that he lacked jurisdiction to adjudicate the matter. According to Judge Poverstein's order, the plaintiff did not have a right to a hearing as provided by 20 C.F.R. § 404.930(a), because no reconsideration determination was made. As a result, pursuant to 20 C.F.R. § 404.957(c)(2) he could dismiss the plaintiff's request.

However, Judge Poverstein noted that because Sanders filed her request for reconsideration "only a few weeks" beyond the expiration of the sixty day period, she should be allowed to initiate the claim process anew. Although Judge Poverstein did not cite any specific regulation, the defendant contends Sanders can do so pursuant to 42 C.F.R. § 405.750, the regulations allowing a claimant to reopen an initial determination.

The plaintiff appealed the ALJ's dismissal to the Appeals Council, and on March 23, 1993 the Appeals Council affirmed Judge Poverstein's decision to dismiss the plaintiff's request for a hearing. The Appeals Council concluded that there was no basis to review the ALJ's dismissal under 20 C.F.R. § 404.970, the regulations governing the types of cases the Appeals Council will review. In arriving at its conclusion, the Appeals Council reiterated that neither the ALJ nor the Appeals Council have the jurisdiction to review the insurer's actions pursuant to 42 C.F.R. § 405.720, because there was no actual issuance of a reconsidered determination.

The plaintiff commenced this action on May 24, 1993 for judicial review of the Secretary's actions pursuant to 42 U.S.C. § 1395ff(b)(1)(D), and mandamus relief pursuant to 28 U.S.C. § 1361. According to the complaint, the plaintiff contends that the issues to be decided by the Court are (1) whether the Appeals Council has jurisdiction to direct EBCBS—the intermediary—to perform a reconsideration of its initial determination, and (2) whether good cause exists for the plaintiff's failure to timely file a request for reconsideration.

In terms of relief, the plaintiff requests that the Court hold a hearing concerning the timeliness of the request for reconsideration, and direct that a regulation be issued conferring jurisdiction on an ALJ or the Appeals Council to review the intermediary's actions. The plaintiff also seeks attorneys fees.

## MOTION BEFORE THE COURT

The defendant moves to dismiss the complaint on the grounds that the Court lacks subject matter jurisdiction to hear the case. According to the Secretary, 42 U.S.C. § 1395ff(b)(1)(D) incorporates the judicial review provisions for old age and disability claims arising under Title II of the Social Security Act, 42 U.S.C. § 405(g). Section 405(g) provides in relevant part for judicial review of the agency's actions "after a final decision of the Secretary made after a hearing to which [the claimant] was a party." The defendant contends that the dismissal of the plaintiff's request for a hearing was not a final decision by the Secretary made after a hearing, and accordingly does not fall within the scope of section 405(g) judicial review.

In addition, the defendant contends that mandamus jurisdiction under 28 U.S.C. § 1361 is inappropriate in this case, because there is no duty owed to the plaintiff. The defendant contends that under the applicable regulations the plaintiff has no right to an administrative hearing on the issue of the timeliness of her request for reconsideration or on the issue of good cause in filing late. Moreover, according to the defendant the intermediary's decision whether or not to grant an extension of time under the regulations is discretionary, not ministerial.

The plaintiff contends, on the other hand, that she has pressed her claim through all

the designated levels of administrative review, and the Secretary has denied her claim. According to the plaintiff, the Secretary has thus rendered a final decision, and jurisdiction is proper within the meaning of section 405(g).

In addition, the plaintiff contends that the Appeals Council has jurisdiction to consider the plaintiff's request for a hearing, because 20 C.F.R. § 404.970(a)(4) provides that the Appeals Council may hear appeals in a case where "there is a broad policy or procedural issue that may affect the general public interest." The plaintiff contends that this is such a case, because the Medicare appeal process is "flawed" in so far as "there is no review by the Secretary of a private insurance company's denial of a 'good cause' request regarding an untimely filing." According to the plaintiff, this alleged procedural flaw leaves the plaintiff without an effective remedy of appeal.

> Not considering the Reconsideration issued by Blue Cross as a decision on the timeliness issue which could be addressed at an ALJ hearing violates the comprehensive appeal process outlined in Medicare statute.

Plaintiff's *Memorandum of Law,* at 4.

The plaintiff also contends that mandamus jurisdiction is appropriate in this case, because the plaintiff has no other avenue for relief to challenge the alleged procedural decision of the Secretary.

### DISCUSSION

1. *Judicial Review.*

■ Pursuant to 42 U.S.C. § 1395ff(b)(1)(D), judicial review of claims arising under the Medicare Act is governed by the provisions of 42 U.S.C. § 405(g). Section 405(g) provides, in relevant part, for judicial review "after any final decision of the Secretary after a hearing" to which the claimant was a party. The statutory provision "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" *Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977). Moreover, pursuant to 42 U.S.C. § 405(h), as made applicable to Medicare claims by 42 U.S.C.

§ 1395ii, section 405(g) provides the exclusive jurisdictional grant for judicial review of Medicare claims. *See Heckler v. Ringer,* 466 U.S. 602, 614–615, 104 S.Ct. 2013, 2021–2022, 80 L.Ed.2d 622 (1984).

In this case, the plaintiff contends that the Court has jurisdiction under section 405(g) to review the Secretary's dismissal of the request for a hearing, because the Secretary has rendered a "final decision." To support this contention, the plaintiff argues that according to *Ringer,* the Secretary's final decision is rendered on a Medicare claim "only after the individual claimant has pressed his claim through all designated levels of administrative review." *See* 466 U.S. at 606–607, 104 S.Ct. at 2017. The plaintiff alleges that she has pressed her claim before the ALJ, and the Appeals Council has issued a decision that is final. Since the amount of controversy exceeds the statutory minimum, the plaintiff concludes that judicial review is proper.

In the Court's view, the plaintiff has misunderstood the relevant case law. In *Heckler v. Ringer, supra,* the Supreme Court delineated all of the designated levels of administrative review regarding Medicare claims, and specifically included a reconsideration determination in the chain of administrative review levels:

> If the intermediary determines that a particular service is not covered under Part A, the claimant can seek reconsideration.... *If denial of the claim is affirmed after reconsideration* and if the claim exceeds $100, the claimant is entitled to a hearing before an administrative law judge.... If the claim is again denied, the claimant may seek review in the Appeals Council.... If the Appeals Council also denies the claim and if the claim exceeds $1,000, only then may the claimant seek judicial review in federal district court of the "Secretary's final decision."

*Ringer,* 466 U.S. at 606–607, 104 S.Ct. at 2017 (emphasis added). The plaintiff has only focused on the later part of the above excerpt to support her argument, and has failed to recognize that if there is no reconsideration by the intermediary, there is no entitlement to a hearing before the ALJ.

In addition, section 405(g) requires that the final decision of the Secretary must be rendered after a hearing. *Sanders,* 430 U.S. at 108, 97 S.Ct. at 986. No such hearing was conducted here, as the plaintiff's request for reconsideration was summarily dismissed.

◼ Indeed, it is well-established that dismissal by the Secretary of an untimely request for review or an untimely request for an extension of time is not reviewable by the district court, because such a dismissal is not a "final decision" within the meaning of section 405(g). *See, e.g., Sanders,* 430 U.S. at 108, 97 S.Ct. at 986 (decision by Secretary to dismiss a petition to reopen a prior determination without a hearing is not a "final decision"); *Dietsch v. Schweiker,* 700 F.2d 865, 867 (2d Cir.1983) (refusal by the Secretary to extend filing time for lack of good cause is not subject to judicial review); *Maloney v. Harris,* 526 F.Supp. 621, 622 (E.D.N.Y.1980) (Secretary's decision to dismiss plaintiff's appeal on the grounds of failing to file timely request for extension and failing to show good cause is not subject to judicial review); *Sheehan v. Secretary of Health, Education & Welfare,* 593 F.2d 323, 326 (8th Cir.1979) (the district court does not have jurisdiction to review the Appeals Council dismissal based upon an untimely appeal filed with the Appeals Council).

◼ In the Court's view, the present case is not different from any of the above cited cases. Recently, this Court issued a decision addressing the very same issue raised here; and held that the Court lacked jurisdiction under section 405(g) to hear the case because there was no final decision by the Secretary. *See Bernstein v. Shalala,* CV 93–0375 (ADS), 864 F.Supp. 300 (E.D.N.Y.1994). Here, the plaintiff's request for reconsideration was denied by the intermediary on the grounds that it was untimely and without good cause. The ALJ dismissed the request for a hearing because under the regulations a reconsideration determination was not made, and therefore the plaintiff was not entitled to a hearing. The Appeals Council affirmed the ALJ's decision, and dismissed the plaintiff's appeal. Because the request for a reconsideration was denied as untimely, and the ALJ and Appeals Council summarily dismissed the plaintiff's claim, there was no "final decision" by the Secretary within the meaning of section 405(g). Accordingly, this Court does not have the subject matter jurisdiction to review the Secretary's actions.

### 2. *Mandamus Jurisdiction.*

The Mandamus statute provides in relevant part that the district court shall have jurisdiction over any action in the nature of mandamus to compel any agency of the United States "to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. According to the Supreme Court, "[t]he common-law writ of mandamus ... is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Ringer,* 466 U.S. at 616, 104 S.Ct. at 2022.

The plaintiff contends that she is entitled to mandamus relief because she has no other avenue for relief to challenge the procedural decision of the Secretary in this case. In support of her contention, Sanders cites to the Second Circuit's decision in *Dietsch, supra.* Sanders argues that in that case the Second Circuit granted mandamus relief to the plaintiff, on the ground that the plaintiff had no other avenue of relief to challenge a decision by the Secretary to dismiss an untimely filed appeal.

Again, it is the Court's view that the plaintiff misconstrues the nature of mandamus and the holding in *Dietsch.* The plaintiff focuses on the exhaustion of all available remedies requirement, but has lost sight of the more important requirement that the plaintiff must be owed a duty by the Secretary before a writ of mandamus can be issued.

In *Dietsch,* the plaintiff appealed a decision by an ALJ to the Appeals Council. The plaintiff mailed the appeal letter on the last day of the time within which he could file an appeal, but the appeal was not received by the Appeals Council until after the time for filing had expired. The Appeals Council dismissed the appeal on the grounds that it was untimely filed. The district court dismissed the plaintiff's suit for judicial review of the

Appeals Council's decision, on the basis that it was not a final decision within the meaning of section 405(g).

Before the Second Circuit, the plaintiff argued that mailing the appeal constituted filing under the Secretary's regulations, and therefore he filed a timely appeal. In reversing the district court, the Second Circuit held that the district court had mandamus jurisdiction to review the case, because if mailing the appeal constituted filing, then the appeal was timely and the Secretary owed a duty to the plaintiff to review the appeal:

> Assuming for the moment that plaintiff's request for review was mailed within the 60–day period, then, if mailing constitutes filing, the Secretary erroneously dismissed plaintiff's timely request for review. Plaintiff's challenge is a procedural one: he seeks to compel the Appeals Council to perform its duty with respect to a timely request for review[.]

*See Dietsch,* 700 F.2d at 867.

In the present case, there is no such ministerial duty owed by the Secretary to the plaintiff. The request for reconsideration was untimely, and the ALJ and Appeals Council acted within their discretion in dismissing the request for a hearing pursuant to the relevant regulations governing appeals to those bodies. In the Court's view, because the plaintiff is not entitled to a hearing before the ALJ or the Appeals Council, *see* 42 C.F.R. § 405.720 and 20 C.F.R. § 404.930(a)(1), there is no mandamus jurisdiction.

Accordingly, for the reasons stated in this decision, the motion by the United States on behalf of the defendant is granted. This case is dismissed as a matter of law, on the grounds that the Court lacks the subject matter jurisdiction under 42 U.S.C. § 405(g) to hear the case.

The Clerk of the Court is advised that this action closes the case.

**SO ORDERED.**